*Hartford,*
November,
1817.

Hollister
*v.*
White.

---

## HUTCHINSON *against* HOSMER.

THIS was an action *qui tam*, to recover the penalty, prescribed by the statute,(*a*) for taking excessive usury. The usury was alleged to have been taken of *Thomas Rich,* for the loan of 850 dollars for one year, secured by a note, dated the 2d of *October*, 1811, for 950 dollars, and the lawful interest.

The cause was tried at *Windham, September* term, 1817, before *Trumbull, Brainard* and *Hosmer,* Js.

In an action *qui tam* for taking usury on a loan of 850 dollars, secured by a note of 950 dollars, dated *October 2, 1811,* the plaintiff offered to prove, that

in *March,* 1813, the plaintiff agreed with the defendant to pay, and afterwards did pay, unlawful interest on a balance at that time due on said note : Held, that such evidence was irrelevant and inadmissible.

The defendant in an action *qui tam* for taking usury, having placed his defence on the ground that the sum received by him beyond the lawful interest was a compensation for time, trouble and expense in obtaining the money from certain banks and running his notes, offered in evidence sundry notes signed by him, payable at the banks specified, corresponding in date and amount with the statement, which, after being discounted at such banks, had been duly paid by the defendant, and were respectively endorsed " *Paid at the bank :*" Held, that these notes were admissible, as they conduced to prove the fact on which the defence rested.

To take a compensation exceeding the lawful rate of interest, for obtaining money at a bank, on one's own security, for the use of another, is not usury.

If such compensation be unreasonable and extravagant, though it will not *necessarily* contaminate the contract with usury, yet it may furnish evidence of an intent, in this way, to cover an usurious loan ; and whether the transaction is, in its nature and design, a compensation for time, trouble and expense, or a cover for usury, is a question of fact to be submitted to the jury.

(*a*) *Tit.* 170.

On the trial, the plaintiff claimed, that the sum of 850 dollars only was loaned by the defendant to *Rich,* and that the note of 950 dollars, taken by the defendant, was made up of that sum, and 100 dollars for the use and forbearance of the money loaned, which, as the note carried interest from its date, was so much more than the lawful interest. The defendant admitted, that 100 dollars was included in the note beyond the sum actually loaned, but insisted, that it was not reserved for the use and forbearance of the money loaned, but as a compensation for the defendant's time, trouble and expense in procuring it from the banks at *New-London,* and in running the notes given for that purpose.

To prove the statement made by the plaintiff, he read in evidence *Rich's* deposition, which was in substance, as follows : That he, (*Rich,*) on or about the 1st of *September,* 1811, being pressed for money to pay for a farm which he had purchased, applied to the defendant, made known to him his necessities, and requested of him a loan of money ; that the defendant replied, that he had not any money to loan, and could not procure it, unless he went to the banks, which would be attended with great trouble and expense ; that *Rich* then desired the defendant to state upon what terms he (the defendant) would procure and loan to him (*Rich*) the sum of 850 dollars, for the term of one year ; that the defendant said, that if *Rich* would procure him a good man's note, for 950 dollars, payable in one year, with interest from its date, he would give *Rich* for it, 850 dollars, in case he could obtain it from the banks ; that in compliance with this proposition, *Rich* met the defendant, at his dwelling-house, on the 2d of *October,* 1811, accompanied by *Sylvester Manly ;* that *Rich* then and there sold and delivered to the defendant, *Manly's* note for 950 dollars, dated the 2d of *October,* 1811, payable in one year, and on interest from the date, which *Rich* had obtained from *Manly,* by giving him his own note, for the same amount, dated, and made payable, at the same time ; and that the defendant, for this note given by *Manly,* paid *Rich* 850 dollars ; that *Manly* then delivered to the defendant *Rich's* note, and took up his own note, and immediately afterwards, *Rich* took up his note to *Manly* in the defendant's hands, and gave a new note payable to the defendant, of the same tenour, secured by mortgage of real estate ; and that, on the 1st of *April,* 1813, *Rich* took up the last

mentioned note, and, for a balance claimed, gave the defendant a new note for 150 dollars, payable in four years, with interest annually, the amount of which, except thirty dollars, he paid to the defendant on the 1st of *April,* 1817.

At the close of the deposition, the counsel for the plaintiff proposed to the deponent the following question : "Did you, or did you not, in compliance with the defendant's demand, agree to pay him, on or about the 10th of *March,* 1813, the same rate of interest on the balance due on your note of 950 dollars, from the 2d of *October,* 1812, to said 10th of *March,* 1813, as 100 dollars bears to 850 dollars, for one year ; and have you not since actually paid the same ?" To which the deponent replied : "It is my impression, that I did pay him, as stated in the above question, in consideration of the defendant's trouble and expense at the banks." To the admission of this question and answer, the defendant objected, on the ground, that they were irrelevant to the issue, as they had no reference to the contract alleged in the declaration, but to one made on the 1st of *April,* 1813, in relation to a note of 150 dollars. The court decided, that such question and answer were not admissible testimony, and ordered them to be erased from the deposition ; which was done accordingly.

In the progress of the trial, several witnesses produced by the plaintiff, testified, that the defendant had said, that he obtained the money, *viz.* 850 dollars, for *Rich,* from the banks, and that he was obliged to take out double that sum, to meet the instalments on his notes, and, in fact, had notes discounted for that purpose, to the amount of 1700 dollars. The defendant, thereupon, offered in evidence sundry notes, signed by him, which were discounted at the banks in *New-London,* and by him paid. Three of them were dated in *September,* 1811, amounting to 1700 dollars, and were endorsed, "Paid at the bank." Two others were dated in *November,* 1811, and amounted to 1400 dollars. To the admission of these notes in evidence, the plaintiff objected ; but the defendant insisted, that they were admissible to shew that he actually did obtain the money from the banks. The court admitted them, and they were read to the jury.

In committing the cause to the jury, the court instructed them as follows : "It is agreed, that 100 dollars was contained in the original note, above the sum of 850 dollars, actually loaned. If you shall find, that this sum of 100 dollars, was contained and reserved for the loan and forbearance

of the sum of 850 dollars, that contract was clearly usurious. If it was contained and reserved *bona fide*, as a compensation to the defendant, for his time, trouble and expense, in procuring the money from the banks, on his own security, for the benefit of the said *Rich*, and running his own notes for that purpose, then this contract was not usurious. If the compensation was unreasonable and extravagant, it does not follow, *of necessity*, that this contaminated the contract with usury ; but a compensation plainly unreasonable and extravagant, may furnish evidence of an intent, in this way, to cover an usurious loan. In this light, it is proper for you to attend to the transaction, and deduce from it such inferences as you are of opinion it may warrant.

" But if you should be of opinion, that the original contract was usurious, *this alone* will not warrant you to find the defendant guilty. This offence consists in receiving actual payment of a sum of money, over and above the rate of interest at six *per cent.*, for the forbearance of the sum loaned for the term of a year.

" With these directions, you will take the case into consideration ; and if you shall be of opinion that the original contract was usurious, and that the defendant has, in fact, within the term of one year before the commencement of this action, received in payment any sum, either in whole, or in part, which was in that contract usuriously reserved, and contained, you will find that the defendant is *guilty*, and find for the plaintiff to recover of him the sum of 850 dollars, being the amount actually loaned, one moiety to his own use, and the other to the use of the treasurer of this state. But if you shall be of opinion from the evidence, that the original contract was not usurious ; or if usurious, that no part of the sum usuriously reserved and contained in said note of 950 dollars, has been actually received in payment, by the defendant ; in either case, you will find the defendant *not guilty*."

The jury found a verdict for the defendant ; and the plaintiff moved for a new trial, on the ground, that the decisions of the court, upon the interlocutory questions, and the charge to the jury, were incorrect. This motion was reserved for the consideration and advice of the nine Judges.

*Staples*, in support of the motion.

*E. Huntington* and *W. Perkins*, contra.

SWIFT, Ch. J. I am of opinion, that the court properly excluded the testimony offered by the plaintiff, to prove that the defendant had taken unlawful interest upon a contract not stated in the declaration; for if proved, the plaintiff could not be entitled to recover upon it, and the jury could not infer from the fact that the defendant had taken usury on one contract, that he had taken it on another and different contract.

In regard to the notes offered in evidence by the defendant, it appears that he had placed his defence on the ground that the extra sum received by him was a compensation for time and expense in obtaining the money from the banks, and running the notes. These notes having been discounted at the bank, about the time of the transaction, they were properly admitted in evidence, because they conduced to prove the fact on which the defendant rested his defence.

It has been insisted on, by the counsel for the plaintiff, that the court, upon the evidence presented by the motion, ought to have charged the jury, that if they believed it to be true, they must find for the plaintiff; because the evidence was sufficient to prove the transaction to be usurious. But it does not appear, that the whole evidence is brought up before us. Nothing more is stated, than what was necessary to raise the questions respecting the admission or rejection of the testimony.

The court correctly charged the jury, that a compensation for obtaining a loan at a bank, and running the notes, would not make the contract usurious, unless it was so unreasonable and extravagant as to shew it to be a colour for usury, in order to evade the statute; and submitted the questions of fact to the jury. And it does not appear from the facts before us, that the court could, with propriety, have charged the jury on any other point of law.

I am of opinion that a new trial ought not to be granted.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN and GODDARD, Js. were of the same opinion.

HOSMER, J. This action is founded on a contract, made on the 2d of *October*, 1811, for the loan of 850 dollars, payable in one year, with interest, for which a promissory note for 950 dollars was given, comprising, as it is said, 100 dollars,

for usury. The question and answer expunged from the deposition of *Thomas Rich,* referred exclusively to a note of hand, dated the 1st of *April,* 1813, promising to pay 150 dollars, in four years. It is now objected, that this part of the deposition should have been committed to the jury. For this, no possible reason can be assigned. Let it be admitted, that in this latter note there was an usurious reservation. What relation does that bear to the supposed usurious contract, made *two years before,* on which alone the plaintiff's action is founded? The contract, in reference to which the proof offered was repelled, varies from the one stated in the declaration, in respect of the time of its inception, and of its becoming due; of the duration of the loan; the consideration of the agreement; and the sum stipulated to be paid. Either of these particulars constitutes a material diversity from the contract declared on, which the plaintiff was bound to prove *precisely as he has laid. Wilmot* v. *Munson,* 4 *Day* 117. *Carlisle* v. *Trears, Cowp.* 671. *Tate* v. *Wellings,* 3 *Term Rep.* 531. *Smith* v. *Brush,* 8 *Johns. Rep.* 84. *Swift's Ev.* 159. 160. *Phill. Ev.* 159. Besides, the penalty of the statute being " the full value of the goods and moneys, or other things lent," decisively shews, that the enquiry concerning an usurious reservation on 150 dollars, cannot be relevant, when the suit is founded on a loan of 850 dollars.

The defendant claimed, that the sum included in the promissory note of 1811, beyond simple interest, was a compensation agreed on for his expenses and services in procuring the money. The notes discounted at the *Union* and *New-London* banks were admitted in evidence, to substantiate the statement. In my judgment, they were legally admissible. It was competent for the defendant to prove, that he acted *bona fide* as a broker, in the procurement of the money delivered to *Thomas Rich.* If this were true, and not a pretence, he had right to a commission for his services; and this could not taint the transaction with usury, however unreasonable the compensation may have been, if it were not a cover for an usurious reservation. *Shep. Touch.* 61. *Dagnall* v. *Wigley & al.* 11 *East* 43.

The cause was committed to the jury, with observations adapted to awaken their vigilance on the enquiry, whether the sum included in the note was for the forbearance of money loaned, or for services as a broker. They unquestionably

found the latter to be the fact; and this authorized a verdict for the defendant.

GOULD, J. concurred in the opinion delivered by the Chief Justice, without making any additional remarks.

New trial not to be granted.