## DE FOREST and another *against* STRONG.

Where it was agreed between *A.*, a commission merchant in *New-York*, and *B.*, a country trader, that on being furnished with a letter of indemnity, *A.* would become responsible, to a limited amount, and

charge for lending his name, if put in funds in time to meet the payment, half a *per cent*, and two and a half *per cent* in all cases of advance ; and it appeared, that the latter charge was intended, by the parties, as a fair compensation to *A.* for his trouble in providing for acceptances, which it was the duty of *B.* to pay, and not as a cover for a usurious loan ; it was held, that the commissions charged under such agreement were not usurious.

In an action brought by *A.* against *C.*, on his guaranty for advances made to *B., C.*, to shew a satisfaction in part of *A.'s* claim, gave in evidence a judgment recovered by *A.* against *B.*, and an execution, issued on that judgment, levied on the land of *B.* which was set off to *A.* To repel this evidence, *A.* offered in evidence a judgment subsequently recovered by him against *B.* in an action of debt on the former judgment, and for the full amount of that judgment, alleging that the former execution was levied, by mistake, on land not the property of the debtor, in consequence of which no satisfaction was obtained. This evidence being objected to by *C.*, it was held, 1. that whether debt on judgment be, or be not, the appropriate remedy in case of a mistaken levy, yet the judgment in question was not void, but was conclusive on the parties to it, until set aside or reversed for error ; 2. that *C.*, the defendant in this action, could not question such judgment, on the ground that it was erroneous, or in any way impeach it collaterally ; 3. that although it is generally true, that judgments are binding on those only who are parties to them, yet the judgment in question was admissible, in this case, to disprove the fact of part satisfaction, which *C.* had attempted to prove, by a former judgment between the same parties.

THIS was an action of *assumpsit* founded on a guaranty, given by the defendant to the plaintiffs, commission merchants in *New-York*, to secure them for advances, which they might make to and for the benefit of *Miles, Strong & Miles*, who were traders in the country.

The cause was tried at *New-Haven, January* term, 1831, before *Bissell*, J.

The plaintiffs, having given in evidence a written guaranty, signed by the defendant, dated the 30th of *October*, 1817, exhibited their account with *Miles, Strong & Miles*, in which the plaintiffs had charged them with advances, made at various times from the date of the guaranty until some time in the year 1824, and had credited them with remittances from time to time, during the same period, leaving due to the plaintiffs, as they claimed, on the 15th of *March*, 1824, the sum of 3879 dollars, 75 cents.

The defendant, for the purpose of shewing, that the plaintiffs had obtained part satisfaction of their demand from *Miles,*

*Strong & Miles,* gave in evidence a judgment recovered against them, by the plaintiffs, in an action of book debt, before the county court of *New-Haven* county, in *November,* 1824, for part of the balance claimed in this suit, together with an execution issued on that judgment, which was levied on certain real estate, as the property of *David Miles,* one of the firm of *Miles, Strong & Miles,* and by virtue of which such real estate was set off to the plaintiffs; also an *alias* execution, afterwards issued on the same judgment, and a levy thereof on land of *William Strong,* another member of the firm.

The plaintiffs insisted, that these executions were levied on such lands *by mistake;* because they were not the property of the execution debtors, when the levies were respectively made, but were the property of *Edward Carrington,* to whom they had been previously conveyed. And in order to shew, that the plaintiffs' claim was not, in any degree, satisfied, by such levies, they offered in evidence a judgment recovered by them against *Miles, Strong & Miles,* after such levies, *viz.* in *November,* 1830, in an action of debt on the former judgment, alleging said mistake, for the full amount of such former judgment.

The defendant objected to the admission of the last-mentioned judgment in evidence, on the ground that he was not a party or privy to it, and consequently, was not legally bound or affected by it.

The judge overruled the objection, and admitted such judgment, and charged the jury, that it was evidence for the purpose for which it was offered.

The defendant claimed, that the sum of 1100 dollars, part of the advances for which a recovery was sought by the plaintiffs, was money advanced on acceptances, which they had made under an agreement with *Miles, Strong & Miles* of the following import: That on being furnished with a letter of indemnity, the plaintiffs would become responsible to the amount of 10,000 dollars, and charge for lending their names half a *per cent.,* if put in funds in time to meet the payment; two and one half *per cent.* and lawful interest [of *New-York*] in all cases of advance; the same for purchases; and two *per cent.* on sales. The defendant therefore claimed, that the transactions in question were usurious, and said sum of 1100 dollars could not be recovered in this action.

It was admitted, that 7 *per cent.* is the lawful interest of the state of *New-York,* where the plaintiffs reside, and where

the transactions took place ; and that the laws of that state, in regard to usurious contracts, are in other respects the same as in this state.

The plaintiffs claimed to have proved, that the commissions charged in their account were charged at the customary rates in the city of *New-York,* as a fair compensation for their trouble in the business; and they denied having made any agreement for a loan of money, or any loan in fact.

On this point, the judge charged the jury as follows : " If you shall find, that a loan of money was contemplated by the parties, and in fact made, and the $2\frac{1}{2}$ *per cent.* charged as commissions, was intended to cover a usurious loan, and to evade the statute, you ought to find the transaction usurious, and to expunge from the account such sums as you shall find so to have been charged and now due ; and if you so find, the evidence of usage ought to be laid out of the case. If, on the other hand, you find that no loan of money was contemplated and made, but that the charge of $2\frac{1}{2}$ *per cent.* was intended, by the parties, as a fair compensation to the plaintiffs for their trouble in providing for and meeting their acceptances, which it was the duty of *Miles, Strong & Miles* to pay, the transaction was not usurious."

The jury returned a verdict for the plaintiffs : and the defendant moved for a new trial.

*Sherman* and *Hitchcock,* in support of the motion, contended, 1. That the claim of the plaintiffs to charge $\frac{1}{2}$ *per cent.* for lending their names upon drafts and $2\frac{1}{2}$ *per cent.,* in addition to the interest, for advancing money to pay the same drafts, was usurious. *Dunham* v. *Dey,* 13 *Johns. Rep.* 40. *Dunham* v. *Gould,* 16 *Johns. Rep.* 367. *The New-York Firemen Insurance Company* v. *Ely & Parsons,* 2 *Cowen* 678. *Kent* v. *Lowen,* 1 *Campb.* 177. The $\frac{1}{2}$ *per cent.,* which, by the agreement, the plaintiffs were to receive, and which they charged in their account, for lending their names, must be considered as a full compensation for the risk of assuming the responsibility. When they came to make an advance of money, what claim had they to remuneration beyond an ordinary lender, *viz.* the inconvenience of doing without the money ? What is meant by *advancing* money but *lending* it ? The usage of trade cannot abrogate the law of usury. If the contract appears

on the face of it to be usurious, the law infers a corrupt intent. *Marsh* v. *Martindale*, 3 *Bos. & Pull.* 154.

2. That the evidence of the recovery in debt on judgment, was not admissible.

First, because debt on judgment cannot be sustained, where there is an apparent satisfaction on the original record ; but a *scire facias* is the only remedy. 2 *Cruise's Dig.* 75. *Co. Litt.* 290 *a.* 11 *Vin. Abr.* 33. In *scire facias*, the apparent title is set aside, and the party gets a new execution, but no new judgment. If he may have a new judgment, while the apparent title remains, he may, under certain circumstances, get his money and retain his land.

Secondly, the judgment in the former suit was inadmissible in this, because it was *res inter alios adjudicata.*

*N. Smith* and *R. S. Baldwin*, contra, contended, 1. That the charge was unexceptionable on the point of usury. The agreement was, that the plaintiffs should be allowed $2\frac{1}{2}$ *per cent.* for being obliged to provide for acceptances, which it was the duty of *Miles, Strong & Miles* to pay ; and if the money remained unpaid, *lawful interest* was to be paid *for the forbearance.* The principal thing contracted for, was the plaintiffs' *credit.* If in consequence of giving this credit, the plaintiffs were obliged to pay their acceptances, for this, and this only, without a day's forbearance, they were entitled to the 2¹ *per cent. ;* and then if there should be forbearance, though none was contracted for, lawful interest was to be paid. If nothing more was intended by the parties, in this arrangement, than appears on the face of it, it was clearly not usurious ; (*Trotter* & al. v. *Curtis*, 19 *Johns. Rep.* 160.) and if it was intended as a cover for usury, as the defendant claimed, he had the full benefit of his claim, in the judge's charge. It was distinctly put to the jury, and is negatived, by the verdict.

2. That the record of the action of debt on judgment, was properly received, to rebut the evidence of part satisfaction, by *Miles, Strong & Miles,* on which the defendant relied. The officer's return on the execution against *Miles Strong & Miles* furnished *prima facie* evidence of part satisfaction, liable to be rebutted, however, by proof of falsehood and mistake. *Watson* & al. v. *Watson*, 6 *Conn. Rep.* 334. This may be done, by shewing that subsequent proceedings have been instituted

against the debtors in that execution, and a new judgment or execution obtained for the whole amount, on the ground that the former levy was unavailing. As between the plaintiffs and *Miles, Strong & Miles,* the record in the action of debt on judgment proved conclusively, that no previous satisfaction had been obtained from them, as claimed by the defendant.

But it is objected, that the defendant was not a party to that record. Neither was he a party to the former judgment and execution, of the proceedings under which he claims the benefit. He seeks to avail himself of it, as proof of a *fact* between the plaintiffs and *Miles, Strong & Miles,* which enures to his advantage. The plaintiffs exhibit a subsequent record, founded on that judgment, between the same parties, disproving the existence of that fact. The record proves, that the debt against the principals still remains due ; and thus destroys the claim of payment by them, set up by the surety. *Drummond* v. *Pestman's* exrs. 12 *Wheat.* 515. *Willey* v. *Paulk &* al. 6 *Conn. Rep.* 74.

The action of debt was a proper remedy. What is the objection to it, on principle ? If the officer's return was false, or the levy was made by mistake, so that the creditor acquired nothing by it, it is very clear, that the judgment is in effect *unsatisfied,* and the obligation to pay it is just as forcible against the debtor, who is wholly unaffected by the levy, as if there had been none.

In this state, debt and *scire-facias* have been uniformly regarded as concurrent remedies, in cases where executions have been levied by mistake. *Williams* & al. v. *Cable,* 7 *Conn. Rep.* 119. 124. Both actions proceed on the ground that the original judgment remains unsatisfied ; and the object of both is to enforce the recovery of the debt evidenced by that judgment. The defendant has the same opportunity of interposing every defence in the one action as in the other. The same privity also exists between the principal and surety in one as in the other.

BISSELL, J. It was claimed, in the court below, that a part of the transactions between the plaintiffs, and *Miles, Strong & Miles,* were usurious. This claim regards the charge of 2 1-2 *per cent.* commissions, for meeting and taking up the drafts, on which the plaintiffs were liable as acceptors, but which it was the duty of *Miles, Strong & Miles* to pay. It was left to the

jury to decide, whether this transaction was a mere cover for *New-Haven,* a usurious loan of money, or whether it was intended, by the July, 1831. parties, as a fair compensation to the plaintiffs, for their trouble in providing for and meeting these acceptances.

*De Forest v. Strong.*

It is now contended, that this question was not properly left to the jury : that there was, indeed, no question upon which the jury were called to pass : that the transaction, as admitted, was, *per se*, usurious, and that the judge ought so to have decided.

I do not think there is any foundation for this claim. Whether a transaction be, or be not, usurious, is generally a question of *intention ;* and that question is not only proper for the consideration of a jury, but is within their exclusive cognizance. At the same time, it is not denied, that a contract may be, *per se*, usurious. As if, for instance, more than the lawful interest be reserved on the face of a security, for money loaned, and that be unexplained, the corrupt intent might be irresistibly inferred ; and it would be the duty of the court so to instruct the jury. But this is not that case. The transaction does not purport to be a loan. The contract is ostensibly a contract of compensation for the trouble and inconvenience of raising money to meet the debt of another. That such compensation may be stipulated for and received, without subjecting the party to the imputation of usury, was expressly decided, in the case of *Trotter* and *Douglass* v. *Curtis,* 19 *Johns. Rep.* 160.

The facts in that case were substantially the same as in this ; and the cases are not distinguishable in principle. The only distinction taken at the bar, was, that in this case, there was a charge of one half *per cent.* for accepting the draft ; and therefore, it is said, there could be no propriety in a further charge for providing funds to meet those drafts when they fell due. It is difficult to see how this consideration can affect the question. The charge of one half *per cent.* was a compensation to the plaintiffs for the use of their names. They lent their credit, and their doing so, for a compensation, imposed on them no additional obligation to meet the drafts when they came to maturity. It was still the duty of *Miles, Strong* and *Miles* to provide for and pay them.

The case of *Dunham* v. *Dey,* 13 *Johns. Rep.* 40. has been cited, by the defendant. That case is wholly unlike the present. There was an exchange of notes, and a commission of 2 1-2 *per cent.* paid to the plaintiff on the exchange. The

question of intention was left to the jury, and it was found by them, that the transaction was for the purpose of raising money, at a greater rate of interest than seven *per cent. per annum.*

Here, the transaction was, on the face of it, a compensation for trouble. Whether such was the real nature of the transaction, or whether it was a cover for a loan of money, and a contrivance to evade the statute, was a question of fact for the jury. *Palmer* v. *Baker,* 1 *Mau. & Selw.* 56. *Trotter &* al. v. *Curtis,* 19 *Johns. Rep.* 160. *Kent* v. *Phelps,* 2 *Day,* 483. That question was distinctly put to them, and they have answered it. I see no reason for disturbing the verdict on this ground.

2. It is contended, that the record, in the action of debt on judgment, brought by the plaintiffs, against *Miles, Strong & Miles,* was improperly admitted in evidence; and on that ground, a new trial is sought.

In order to a determination of this question, it may be proper to advert to the circumstances *under which,* and the object *for which,* the evidence was offered.

The plaintiffs had recovered a judgment against *Miles, Strong & Miles,* on their original cause of action. The defendant insisted, that this judgment was in part satisfied; and so far as that satisfaction went, that he was, of course, discharged from liability on his guaranty. To prove this, he offered and read in evidence the record of the judgment, together with the execution and the return of the officer thereon, shewing, that the same had been levied on lands of *Miles, Strong & Miles,* which had been duly set off; and that, in this mode, the execution was nearly satisfied.

To repel this evidence, and to shew that no satisfaction had in fact been obtained, the record in question was offered. This proved, that the levies relied on, by the defendant, were made by mistake: that the lands levied upon and set off on execution, were not, when the levies were so made, the property of *Miles, Strong & Miles,* but of one *Edward Carrington,* to whom they had, long before that time, been conveyed.

To the evidence thus offered, two objections are taken.

First, it is objected, that the action of debt on judgment does not lie, where there is an apparent satisfaction on the record; but that the only remedy is by *scire facias,* to obtain an *alias* execution. Secondly, the judgment is between other parties; and therefore, the defendant cannot be affected by it.

New-Haven,
July, 1831.

De Forest
*v.*
Strong.

I do not think it necessary to decide, whether debt on judgment was the appropriate remedy in this case ; nor whether such action will lie, when satisfaction of the judgment has been entered on the record.   The proceedings are clearly not void. The judgment is, at most, erroneous, and is conclusive *on the parties to it,* until set aside or reversed for error.   As between them, it can not be impeached collaterally ; and proves as conclusively as the proceeding by *scire facias* could do, that no *actual* satisfaction of the former judgment had been obtained.

Can the defendant, then, object to this judgment, *on the ground, that it is erroneous, as between the parties ?*   Whether any judgment, between them, being *res inter alios adjudicata,* can affect *this defendant,* is another question, which will be hereafter considered.   But admitting, that he may be thus affected, by a valid judgment, can he question this judgment, *because it is erroneous ?*   Or, in other words, can he be permitted to do what the party confessedly could not do, *viz.* impeach this judgment collaterally ?   I think not ; and that it furnishes no objection to the admission of this record, that the judgment may be erroneous.   Whether it be so or not, I do not think it necessary to inquire.

I now come to consider the objection, that this judgment was between other parties ; and therefore, not admissible against this defendant.

It is certainly true, as a general rule, that judgments are binding on those only, who are parties to them.   But to this rule, there are exceptions ; and there are many cases, where judgments may be given in evidence between those who are not parties.   A moment's attention to this case, will, I think, satisfactorily show, that it falls within the exceptions, rather than within the rule.   How did these parties stand, and what was the fact in dispute between them ?   The defendant insisted, that the debt originally due to the plaintiffs from *Miles, Strong & Miles,* had been satisfied.   This was denied ; and this was the point in issue between the parties.   To prove this issue, the defendant offered in evidence the judgment between these two parties, together with the execution and the return of the officer.   This evidence was offered *to prove a fact* between these parties, to the benefit of which fact, the defendant was entitled.   It went directly to the point of damages.

*New-Haven,*
*July, 1831.*

De Forest
*v.*
Strong.

Now, it would be somewhat extraordinary, if the subsequent proceedings, under the same judgment, and between the same parties, might not be admitted *to disprove that fact ;* and more extraordinary still, that it should be obnoxious to the objection of being *res inter alios acta.*

It must be very obvious, that the proceedings under a *scire facias* would be open to the same objection ; and so would every other proceeding between the parties to the original judgment.

The objection seems to me to assume this broad ground, that the defendant may prove a fact, which goes either to defend the action, or to the point of damages, and which cannot be disproved, by any species of evidence. I am not prepared to sanction such an anomaly in judicial proceedings.

But again ; is the defendant a stranger to the judgment, so as that it is, as to him, *res inter alios judicata ?* He stood in the relation of surety to *Miles, Strong & Miles.* True, he was not, and could not have been, a party to the judgment against them ; but he was privy to the contract, which was the foundation of the judgment. In *Willey* v. *Paulk* & al. 6 *Conn. Rep.* 74. which was an action brought on a probate bond, against the sureties of a deceased executor, and the breach assigned was, that he had neglected to pay a judgment recovered against him, by a creditor of his testator, it was held, that the defendants were privies in contract to such judgment ; and that it was, therefore, admissible and conclusive to shew a breach of the bond and the amount of damages. It seems to me, that the principle established in that case, is decisive of the question now before us. See also *Swift's Ev.* 15. *Bissell* v. *Edwards*, 5 *Day* 94. *Blasdale* v. *Babcock*, 1 *Johns. Rep.* 517. *Green* v. *The New River Company*, 4 *Term Rep.* 589.

The record, therefore, was properly admitted in evidence ; and the motion for a new trial must be denied.

The other Judges were of the same opinion, except PETERS, J. who was absent.

New trial not to be granted.