### MERRITT & MYERS *vs.* BENTON.

The including of *one per cent.* in a promissory note as the difference in the *rate of exchange*, between the place where the payee of a promissory note resides and the place of payment, is not, *per se*, evidence of usury, where the note is thus made payable for the accommodation of the maker.

In an action against the endorser of a promissory note, the *fees of protest* are a proper item in the assessment of damages.

THIS was an action of assumpsit tried at the Montgomery circuit, in May, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The defendant was the endorser of a promissory note for $276, dated 15th November, 1828, payable 5 months after date, given for the balance of a previous note of $332, held by the plaintiffs against one G. Petrie, the maker of the note in question.  The note of $332, was given under the following circumstances : on the 12th June, 1827, Petrie purchas-

ed of the plaintiffs at New-York, where they carried on the business of merchants, a bill of goods amounting to $308,77, for which he gave his note, payable in six moths, including $10,82, the interest of the amount of the bill of goods. On the 12th March, 1828, the note remained unpaid and the true amount due thereon at that day, including interest, was $325,18. Interest was then cast on that sum for 60 days, *as the one sixth of a year*, and the amount thereof together with $3,03, the *difference of exchange* between *Utica* and *New-York*, (being *one per cent.* upon the whole amount,) added to $325,18, made the sum of $332,$\frac{28}{100}$. Petrie paid $\frac{28}{100}$, and gave his note for $332, payable at *Utica*, for his accommodation, he residing at Little Falls, in the vicinity of Utica. The defendant who was an accommodation endorser, insisted that the note of $332 was void for *usury* ; first, on the ground that the interest included in it had been cast for 60 days *as the one sixth of a year;* and secondly, that it included *one per cent.*, the difference of exchange, and that the note in question having been given for the balance of the note of $332, was equally tainted with usury. No question was made on the trial but that *one per cent.* was the true difference in the rate of exchange between Utica and New-York. The defendant requested the circuit judge to charge the jury that the note was void for usury, which he refused to do, and charged that the plaintiffs were entitled to recover. The plaintiffs claimed as part of the amount to which they were entitled, the *notary's fees* for protesting the note : the defendant objected to their right to recover the same, but the judge instructed the jury to allow the fees of protest. The jury found for the plaintiffs the amount claimed by them to be due on the note and the fees of protest. The defendant moves for a new trial.

*J. A. Spencer,* for the defendant.

*M. T. Reynolds,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J.   There was no excess of interest included in the note of $332.   The interest of $325,18, for 60 days and 3 *days of grace,* which the plaintiffs had a right

ALBANY,
Jan. 1833.

Merritt
v.
Benton.

to charge, amounted to $3,92, making the principal and interest $329,10, to which add *one per cent.*, the rate of exchange agreed on, and the sum of $332,39, is given, from which deduct $\frac{28}{100}$, the amount paid by Petrie, and the balance is $332,11, a sum exceeding the amount of the note, which therefore was not usurious as including a sum of interest greater than what is allowed by law. Nor was the including the rate of exchange in the note, *per se*, evidence of usury. The payees resided in *New-York*, the maker at the *Little Falls*, and for his accommodation the payees agreed to accept a note payable at *Utica*, near the residence of the maker. For this accommodation the maker agreed to pay, and such agreement is valid and upon sufficient consideration. Such an agreement may be a shift to cover usury, but there is nothing to warrant such a conclusion in this case. It is stated in the case that no question was made on the trial but that the rate of exchange allowed was the true rate between Utica and New-York.

The remaining question is, whether the *fees of protest* were properly chargeable to the defendant. As to this we have not been referred to any decided case, and we understand that the practice at the circuit is not uniform, though the fees of protest are generally allowed. It is an expence to which the holder of a note is subjected by reason of the default of the endorser, whose duty it is to pay the note at maturity, and it is right therefore that the holder should recover it. It may fairly be considered as a charge incident upon the endorser's failure to perform his contract, and should be allowed to the plaintiffs in the assessment of damages.

New trial denied,