### JOSEPH B. BEADLE *vs.* JOHN MUNSON.

A charge beyond the legal rate of interest, for the trouble of discounting a note or procuring money for a loan, is not usury, if it be a reasonable compensation for services rendered or expenses incurred at the borrower's request in connection with the loan.

The law of New York is the same with our own on the subject.

ASSUMPSIT, against the defendant as indorser of two promissory notes of $500 each, made by one George Roberts. The defense was usury. The notes were dated and payable in the city of New York.

On the trial to the jury in the superior court, before *Waldo*, *J.*, the defendant claimed, and introduced evidence to prove, that the plaintiff discounted the notes for Roberts, the maker, when they had about two months to run, for the sum of twenty-five dollars each, which he retained as interest. The defendant also offered in evidence the statute of the state of New York, from which it appeared that all securities given upon any contract whereby a greater sum than at the rate of seven per cent per annum for the loan or forbearance of any money, goods, or other thing in action, is secured to be paid, are entirely void. It was admitted that the notes were in-

dorsed by the defendant wholly for the accommodation of Roberts. The plaintiff claimed that, at the time when the notes were offered to him by Roberts, he was employed in the city of New York as the agent of a manufacturing corporation in Meriden in this state; that just before, the defendant, who was a relative of Roberts, and a large stockholder in the Meriden company, called on him in New York with Roberts, and said to him that any favors shown Roberts would be appreciated by the defendant; that when the first note was presented to him by Roberts, with a request that he should buy it or discount it, he replied that it would be impossible for him to do it, because he had no money; that Roberts then requested him to take the note and procure some person to discount it; that he still declined to do any thing about it, and that thereupon Roberts said to him that it was of great importance to him to have the money—that Munson, the defendant, was not known in the city of New York, but was well known in the towns of Wallingford and Meriden, to be perfectly responsible—and that the plaintiff could easily procure the money on the note at Meriden, and that he would pay him for his trouble and expenses if he would obtain the money for him on the note; that the plaintiff finally consented to take the note, and went to Meriden and tried to get it discounted, but could not; that he thereupon got his own note discounted by pledging other securities, and raised the money and took the note; and that for his trouble and expenses in procuring the money Roberts agreed to pay him the sum of twenty-five dollars, which was no more than a reasonable compensation for his trouble and expenses; that the second note was offered to him some two weeks after he took the first, in the same way, with a request that he should procure the money upon it for Roberts; that he did procure the money as he did before, and received the sum of twenty-five dollars for his trouble and expenses, which also was but a reasonable compensation therefor.

The defendant requested the court to charge the jury that if the sum of twenty-five dollars was paid to the plaintiff to lend the money or to procure a loan, if he lent the money himself and received more than seven per cent for it, the loan

Beadle *v.* Munson.

was usurious and void. The court charged the jury as follows :—

The notes in question are governed by the law of New York, which makes all securities void where more than seven per cent per annum is taken for the loan of money. It is essential to constitute the transaction usurious that there should have been a corrupt agreement between the parties, with an intent to avoid the statute. The test of such a transaction is whether it is really a loan of money, whatever may be the form of the contract; for where the substance of the transaction is a loan of money, no artifice, device, or shift will evade the statute. Promissory notes are the subject of sale like personal chattels. But if the note is made only to raise money, and is not to become effective until it is negotiated, a sale for less than its apparent value will be *prima facie* usurious, and it will devolve on the purchaser to show that the transaction is not tainted with usury. A charge of commission beyond the legal rate of interest for the trouble of discounting a note, or procuring a loan of money, is not usury, provided it be a fair and reasonable compensation. But if such compensation should be unreasonable and extravagant, it will furnish a presumption that the transaction is usurious, and whether the transaction be of this character or not, is a question of fact for the determination of the jury.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial for error in the charge of the court.

*A. K. Hadley* of New York, and *L. G. Peck*, in support of the motion, cited Blydenburgh on Usury, 223; *Steele* v. *Whipple*, 21 Wend., 103; *Condit* v. *Baldwin*, 21 Barb., 181, 188; *Dowdall* v. *Lenox*, 2 Edw. Cha., 267; *Alby* v. *Rapelye*, 1 Hill, 9; *Jacks* v. *Nichols*, 1 Seld., 178; *Bank of Salina* v. *Henry*, 2 Denio, 155; *S. C.*, 3 id., 593; *Schroeppel* v. *Corning*, 5 id., 236; *Van Duzer* v. *Howe*, 21 N. York, 531; *Sauerwein* v. *Brunner*, 1 Har. & Gill, 477; *Cockey* v. *Forrest*, 3 Gill & Johns., 483.

*Doolittle* and *Platt*, contra, cited Ord on Usury, 55; *Hutch-*

*inson* v. *Hosmer*, 2 Conn., 341 ; *De Forest* v. *Strong*, 8 id., 514 ; *Beckwith* v. *Windsor Manufacturing Co.*, 14 id., 594 ; *Kent* v. *Phelps*, 2 Day, 483 ; *Nourse* v. *Prime*, 7 Johns. Ch., 77; *Hine* v. *Handy*, 1 id., 6 ; *Condit* v. *Baldwin*, 21 Barb., 181; *S. C.*, 21 N. York, 219 ; *Ketchum* v. *Barber*, 4 Hill, 224 ; *S. C.*, 7 id., 444; *Van Duzer* v. *Howe*, 21 N. York, 531; *Hammet* v. *Yea*, 1 Bos. & Pul., 144, and marginal note in Day's edition ; *Bank of U. States* v. *Waggener*, 9 Pet., 378 ; *Ex parte Gwyn*, 2 Deac. & Chit., 12.

HINMAN, C. J. The only question in this case arises upon that part of the charge in which the jury were told that a charge of commission beyond the legal rate of interest, for the trouble of discounting a note, or procuring a loan of money, was not usury, provided it be a fair and reasonable compensation. The facts to which the charge applied are very similar to the facts in the case of *Hutchinson* v. *Hosmer*, 2 Conn., 341, where the same doctrine was expressly sanctioned by this court. And that such is the law of Connecticut is admitted by counsel, as it certainly ought to be after this express decision, subsequently sanctioned and uniformly acted upon. *De Forest* v. *Strong*, 8 Conn., 513. *Beckwith* v. *Windsor Manufacturing Co.*, 14 id., 604.

But as this was a New York transaction it is claimed that the same rule does not exist there ; and the question arises therefore, whether there is any difference in this respect between our own law and the law of New York. The general principles as to what constitutes usury are the same in both states, and also in England, though the rate of interest is different. Hence the English cases are always cited and relied upon in New York as well as with us. And we suppose it to be very well settled that under the English statutes it is lawful to take the customary commission or exchange on bills or notes, and reasonable incidental expenses, over and above the interest. *Winch* v. *Fenn*, 2 T. R., 52, note ; *Barclay* v. *Walmsley* 4 East, 55 ; *Carstairs* v. *Stein*, 4 Maule & Selw., 192. And in a note on this subject by the reporter of the case of *Jones* v. *Davison*, 1 Holt, 256, it is said that if a

Beadle *v.* Munson.

lender, having some function, office or mere employ with respect to the borrower, shall reserve to himself at the time of such loan a fair compensation for his discharge of duties, such compensation will not be usurious. *Stoveld* v. *Eade*, 4 Bing., 51. The facts of this case bring it clearly within this principle. The plaintiff did not charge the commission for the loan as made by himself. Indeed it was not, when the service was rendered, contemplated that he was to loan the money at all. He came to Connecticut for the purpose of raising the money from others on the defendant's paper, but, finding that he could not do this, he determined to raise the money himself. Now, why should he not be paid for the service rendered at the defendant's request, and for his expenses while engaged in it ? But we are referred to two or three cases in New York which are claimed to be decisive against the plaintiff on this point. We do not so consider them. The most important of these cases is *Jacks* v. *Nichols*, 1 Seld., 178, the marginal abstract of which would seem to favor the defendant's claim. But there is nothing in the case itself contrary to the views which we have herein expressed. The money loaned in that case was not at Savannah at the time, but in New York, where the loan was made. The excess above the legal rate of interest was not charged on account of the difference in the exchange, or as a compensation for transferring the funds to New York, but was in fact agreed to be paid without any other consideration than the loan itself. True, the lender claimed, when the loan was made, that it had cost him five per cent exchange to get his money from Savannah to New York, and gave this with other facts as a reason for asking more than the legal rate of interest. But so long as he did not incur this expense at the borrower's request, and for the mere purpose of getting the money for him alone, it was clearly a mere color for charging unlawful interest, and was therefore properly characterized by the court as " a case of unmitigated usury." And that the court did not intend to decide that exchange may not be taken without rendering a party guilty of taking usury, is evident from the circumstance that the law of New York had previously been settled the other way.

*Cayuga County Bank* v. *Hunt*, 2 Hill, 635. *Merritt* v. *Benton*, 10 Wend., 116. *Ketchum* v. *Barber*, 4 Hill, 224. Nor do we perceive any thing in the other cases relied upon by the defendant that satisfies us that there is any peculiar law on this subject in the state of New York. And we are therefore of opinion that the charge to the jury was unexceptionable, and a new trial is not advised.

In this opinion the other judges concurred.