## Case No. 16,349.

### UNITED STATES v. SNOW.

[1 Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. June Term, 1803.

#### PERJURY—SENTENCE.

Upon a conviction of perjury, the court may inflict the punishment of fine, imprisonment, and pillory.

---

## Case No. 16,350.

### UNITED STATES v. SNOW.

[2 Flip. 1; 23 Int. Rev. Rec. 78; 15 Alb. Law J. 219; 2 Cin. Law Bul. 47.] [2]

Circuit Court, E. D. Tennessee. March 26, 1877.

#### FEES IN PENSION CASES.

To an indictment for retaining a greater sum than the statutory allowance for collecting a widow's pension, it is a good plea that the husband of the applicant, for whose services the pension was sought, was charged on the rolls of the war department as a deserter, and that it was agreed between defendant and the applicant that he should receive one-half of the first payment on account of the pension, less costs and expenses, for his services in causing such charge to be removed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 15 Alb. Law J. 219, contains only a partial report.]

To an indictment for a violation of Rev. St. § 5485, in retaining a greater compensation than allowed by law for prosecuting a claim for a widow's pension, defendant [Alexander L. Snow] pleaded that the husband of the applicant for whose service the pension was sought, was charged on the rolls of the war department as a deserter; that no pension could be allowed till such charge was removed; that it was accordingly agreed between him and the widow that he should receive one-half of the first payment on account of the pension; (such payment being about $1,200,) less his costs and expenses, for services in causing such charge to be removed, and the further sum of $10 for prosecuting her claim for the pension, all of which was done, etc.

To this plea the district attorney demurred.

George Andrews, Dist. Atty., for the United States.

W. O. Henderson, for defendant.

BROWN, District Judge. By Rev. St. § 5485, it is provided that "any agent or attorney, or any other person instrumental in prosecuting any claim for pension or bounty land, who shall directly or indirectly contract for, demand or receive, or retain a greater compensation for his services" than is elsewhere provided, "shall be deemed guilty of a high misdemeanor."

This compensation is "such as the commissioner of pensions shall direct to be paid to him, not exceeding $25." Section 4785. And in case no agreement is made with the applicant, and filed with, and approved by, the commissioner, the fee shall be $10, and no more. Section 4786.

The section first above quoted being not only penal in its character, but in derogation of the common law right of every person to make his own bargain, should receive a strict construction. The design of the act was to prevent exorbitant charges being extorted by pension solicitors from a class of persons who are usually illy able to pay them, or to assert their rights against parties who hold the money in their hands. It was intended to fix a fair compensation for the labor usually and ordinarily necessary in obtaining a pension, but not for extraordinary services performed in a different department for a different purpose, although the ultimate object of those services may be the obtaining of a pension. The labor involved in procuring a widow's pension is ordinarily very slight, consisting merely in filling out a blank petition and affidavits showing the enlistment and death of the soldier, his marriage to the petitioner, and the number and ages of her minor children. The records of the war department are then referred to to confirm the fact of enlistment and death. For these services $10 was regarded as a fair compensation, although the parties may contract for the payment of $25, provided a

prior agreement be made to that effect, and filed with, and approved by the commissioner. Clearly the statute covers only services, and the attorney would still be entitled to charge for expenses incurred in procuring testimony.

But in the case under consideration, defendant was called upon to perform a service entirely distinct from that usually required in such cases. The soldier was registered as a deserter on the rolls of the war department, and until that charge was disproved his widow could not recover her pension. Sections 2438, 4749.

Although in the particular case the service was performed in aid of the pension, it was essentially a distinct service and might have been required for another and different purpose. A deserter loses his right of citizenship. Section 1996. He cannot enlist in the army or navy of the United States. Sections 1118, 1420. And an officer mustering him in would be subject to punishment. Section 1342, art. 3. The records of the war department will only be corrected by plenary proof of mistake, and when a claim for a pension has once been advanced it must be prosecuted to completion in five years. Section 4717. It will be readily perceived that it may become an object of the utmost importance, to have a charge of desertion stricken out for other purposes than obtaining a pension. The difficulty of securing the requisite evidence is frequently very great, and in this case, it was admitted that an expense of over $300 had been incurred by the defendant for that purpose. To limit his compensation in such a case to $10 would be an adherence to the letter of the statute which congress could not have contemplated.

It is believed no authority can be found exactly in point; but a class of cases arising under the usury laws announce the principle here involved, viz.: that when a lender has made unusual effort or incurred extraordinary expense in connection with the loan, an agreement to repay his charges for services and disbursements, if made in good faith and not merely as an evasion, will not be deemed usurious. In the early case of Auriol v. Thomas, 2 Term R. 52, it was held that where a bill endorsed over is not duly paid, the indorsee may charge the indorser with exchange, and other incidental expenses beyond the amount of legal interest, if such charges be reasonably warranted by custom and not made a color for usury. This authority was followed in Palmer v. Baker, 1 Maule & S. 56; and in Baynes v. Fry, 15 Ves. 120. In Harger v. McCullough, 2 Denio, 119, it was held that where a creditor at the request of the debtor, and upon his express promise to pay the expenses, took a journey to the residence of the latter with a view to settling the demand, and afterwards included such expenses in a security taken for the debt; the security was not usurious. This case was

approved in Thurston v. Cornell, 38 N. Y. 281, in which it was held that where a party solicited to make a loan, and to procure the means of doing so, must spend time, and incur trouble and expense in collecting the same from others, and does this at the request of the borrower, and upon his agreement to pay for such services and expenses, the transaction is not usurious. Whether the payment upon a loan of more than the legal rate of interest is usurious, depends upon the particular facts of the case and the intention of the parties, and these are questions for the jury. If paid for the loan or forbearance of money it is usury, but if the excess is for other good and valuable considerations, not interposed as a device to cover usury, the transaction is not usurious. The same principle was stated in Eaton v. Alger, 2 Keys [*41 N. Y.] 41, in which the court observe: "Even where the lender, without any special agreement with the borrower, in addition to lawful interest, takes a commission, by way of compensation for trouble and expense necessarily incurred in and about the business of the loan, the transaction would be supported, provided such commission was not intended as a device to cover a usurious loan."

See, also, to the same effect, Eldridge v. Reed, 2 Sweeny, 155; Beadle v. Munson, 30 Conn. 175; Gambril v. Doe, 8 Blackf. 140; Smith v. Silvers, 32 Ind. 321; Smith v. Muncie Nat. Bank, 29 Ind. 158; Tyler, Usury, 130.

In the case under consideration, if the agreement set up in the plea were made in good faith, for services actually performed as therein stated, and not as a mere pretext for charging more than the statute allowed for obtaining a pension, the defendant is entitled to an acquittal.

I am not called upon to determine whether his charge be reasonable or not; that must be litigated in another forum; the question of good faith only is here involved and that must be submitted to a jury.

An order will be entered overruling the demurrer.