June, 1810.

STOYEL
v.
CADY.

ISAAC STOYEL *against* JOSEPH CADY.

Where an execution had been paid and endorsed satisfied, and it appeared, that the payment was compelled by a void and unlawful levy of the execution, by direction of the creditor, supposing it to be in full life, when it was dead in law; that the debtor afterwards brought an action of trespass

WRIT of error.

This was a *scire facias* brought by *Cady*, as administrator of the estate of *Job Smith*, deceased, to obtain an execution on a judgment in favour of *Smith* against *Stoyel*, on the ground that the execution which had issued on that judgment had been discharged by mistake. The defendant pleaded in bar of the suit a payment of the execution to *John Lawrence*, a deputy sheriff, and an endorsement in full by the lawful attorney of *Smith*. The plaintiff replied, that the payment was compelled by a void and unlawful levy of the execution by direction of *Smith*, supposing it to be in full life when it was dead

against the officer for the unlawful levy, and recovered a greater sum in damages than the amount of the execution, on account of such levy and compulsory payment; and that the creditor had indemnified the officer against this judgment; it was held, that the creditor was entitled to judgment in his favour on a *scire facias* brought to obtain a new execution.

1

in law; and that the defendant afterwards " commenced an action of trespass and false imprisonment against said officer before the circuit court for the district of Connecticut,(a) for making said levy, and compelled said officer, by the judgment of said circuit court, to pay a greater sum in damages than the whole amount of said judgment and execution, founded on said levy and said compulsory payment of said execution; against which judgment the plaintiff has indemnified said officer, as in law and justice he was bound to do." These pleadings terminated in a demurrer; and the superior court adjudged the replication sufficient.

T. S. Williams, for the plaintiff in error, contended,

1. That although the money paid on the execution had been recovered from the officer; yet the officer being a trespasser in levying the execution, he could not compel the original creditor, or his administrator, to indemnify him; as in trespass there is no contribution. Merryweather v. Nixan, 8 Term Rep. 186. Wilford et al. v. Grant, Kirby, 114.

2. That it nowhere appears upon these pleadings, that the money collected on the original execution was recovered back by the judgment in the circuit court. The replication only states, that in a suit by the defendant against the officer, the defendant obtained judgment for a greater sum than the whole amount of the original judgment and execution. But a recovery to such an amount might have been had for the personal abuse, the violence and the outrage, without taking into consideration the sum paid; for in trespass exemplary damages may be given. Hazard v. Israel, 1 Binn. 245. A replication must have the same certainty as a declaration. Co. Litt. 303. Plowd. Com. 56. And the practice in pleading a former judgment is, to state that it was founded upon the same identical cause of action.

(a) Vide 3 Day, 1. where the case alluded to is reported.

June, 1810.　　*Hitchin et al.* v. *Campbell,* 2 *Bla. Rep.* 779. *Seddon et al.*
　　　　　　　v. *Tutop,* 6 *Term Rep.* 607.

STOYEL
v.
CADY.

Again, nothing is stated in the replication, by which the court can presume that the money paid was taken into consideration in the circuit court. It is only stated that the defendant brought his action of trespass; but unless in that action it was stated, that he was forced to pay the amount of the execution, by such illegal process, he could not give that fact in evidence, and, consequently, could not recover such payment. *Lowden* v. *Goodrick, Peake's Cas.* 46. *Pettit* v. *Addington, Peake's Cas.* 62.

But if it had been stated, that in the circuit court it was shown and proved, that the money had been collected on the original execution, it would have resulted that it was recovered back in that action; having in effect been applied for the benefit of the party of whom it was collected. In the case of *Coe* v. *Landon,* in the superior court, *Litchfield* county, *January* term, 1800, a suit was brought against an officer for two cows taken in execution; and it appearing that the cows were not sold on the day they by law should have been, and that no demand had first been made, the court sustained the action against the sheriff; but, as the avails had been applied for the benefit of the plaintiff, gave only nominal damages, *even in an action of trover.*

*Goddard,* for the defendant in error, contended,

1. That it was not necessary to show, that the judgment in the circuit court did reclaim the money paid on the execution, or that that money was part of the damages recovered. The ground of this application is, that the levy was a false one; the execution was never legally satisfied. Suppose an execution is levied by mistake on property not belonging to the debtor, in consequence of which the execution is endorsed satisfied, may not the creditor, on discovering this mistake, bring a *scire*

*facias,* or apply by motion, and have a new execution? Is it necessary for him to wait for the owner of the property taken to commence an action of trespass, and prosecute it to final judgment? And is it further necessary for the creditor, in his application for a new execution, to show that the damages recovered in the action of trespass amounted to as much as the first execution? In *Langdon* v. *Langdon,* 1 *Root,* 453. the proposition is laid down in general terms, that where an execution is discharged, or endorsed by mistake, the party's remedy is by application to the court, by *scire facias,* or by motion, as the case may be, for an *alias* execution. A *scire facias* became necessary in this case, in consequence of the death of *Smith;* otherwise, an *alias* execution might have been obtained on an application by motion, showing the mistaken levy and endorsement.

2. That it does sufficiently appear, that the money paid on the execution against *Stoyel* was recovered back in the action of trespass before the circuit court. The replication avers, that *Stoyel* brought that action against the officer for making the levy, and compelling payment; and that the judgment in the circuit court " was founded on said levy and said compulsory payment." This distinct and positive averment precludes the supposition that damages were given for *alia enormia.* Besides, the same precision is not necessary in this judicial process as would be requisite in an original action.

SWIFT, J. The question in this case arises upon the sufficiency of the replication, which is to this effect: that the payment was compelled by a void and unlawful levy of the execution, by direction of *Smith,* supposing it to be in full life, when it was dead in law, and that the defendant brought an action against the officer for the unlawful levy, and recovered a greater sum in damages than the amount of the judgment, on account of such

levy and compulsory payment; against which judgment he has indemnified the officer.

When an execution has been discharged by a mistaken or void levy, or by an endorsement made through mistake, the court from whence it issued may, on motion, or application of the judgment creditor, or on a *scire facias*, order a new execution to be issued. If either of the parties are dead, a *scire facias* must be brought to obtain a new judgment, to enable the court to issue a new execution. It is no objection to the plaintiff's right of recovery, that the void or mistaken levy subjected him or the officer to an action of trespass. Where the execution is levied on the estate of a stranger, which is sold, and the money applied in payment of it, though such stranger can maintain an action of trespass against the officer, yet, the levy being by mistake, a new execution can be granted. Where a party directs an officer to do an act apparently legal, and it afterwards turns out that he is subjected to pay damages in an action brought against him for doing that act, the party is bound to indemnify him. It appears that *Smith* directed the officer to levy the execution; he was, therefore, bound to indemnify him; and the averment that he had indemnified him is sufficient to show that *Smith* had derived no benefit from such unlawful levy, and has not obtained a satisfaction of the execution.

It is essential, that it should be averred in the replication, that the money paid on the execution was recovered in the action by the defendant against the officer. The allegation is, that the defendant commenced an action of trespass and false imprisonment against the officer for making said levy, and compelled him, by the judgment of the court, to pay a greater sum in damages than the whole amount of said judgment and execution, *founded on said levy and compulsory payment.* Under this allegation, had it been traversed, it would have been competent for the plaintiff to show that, in the action of tres-

pass, the payment of the money on the execution was stated
in the declaration as a ground of claim for damages, and
that the money so paid was allowed by the jury, as part of
the sum found by the verdict. It is also clear that the de-
fendant in said action had a right to recover the amount
of the money paid on the execution, and that the court
and jury were bound by law to find that sum for him in
damages : and as their verdict was for a greater sum, the
conclusion is irresistible, that the money paid on the ex-
ecution constituted a part of the damages found by the
verdict of the jury. Of course, the replication contains
an averment of the fact with sufficient certainty.

The allegation that the defendant recovered more than
the amount of the former execution, is not apt pleading,
and has led to all the doubt in the case; for it is true,
that the defendant might have recovered more than the
amount of the execution, and not have recovered that;
but this must be taken in connection with the averment,
*founded on said levy and compulsory payment;* and then
it fairly implies, that the money paid on the execution was
part of the judgment recovered by the defendant against
the officer in the action of trespass. Suppose the allegation
had been that the defendant recovered judgment against the
officer for a definite sum exceeding the amount of the former
execution, in an action founded on said levy and compul-
sory payment; it must have been understood, that the
recovery included the money compelled to be paid by the
levy of the execution. The allegation that the defendant
recovered more than the amount of the former execution
is substantially the same.

I am, therefore, of opinion, that the judgment of the
superior court ought to be affirmed.

TRUMBULL, J. As the money was collected in a com-
pulsory way from *Stoyel*, by the levy of a void execution,
it could never be legally holden by *Smith*. Whether it
has been actually recovered back, or not, is immaterial;

June, 1810.

for if not, it can still be recovered in an action of *assumpsit*. The original judgment has not been satisfied, and the administrator is entitled to a new judgment for the same sum on his *scire facias*.

The other judges concurred in the opinions above stated.

Judgment affirmed.