## Williams and another *against* Cable.

An application for a new execution, on the ground that a former execution has been returned satisfied, by a levy on land which was defective, and by which no title was acquired, is substantially a *scire-facias* or action of debt, and must be proceeded with accordingly.

Therefore, where a new execution, in lieu of one so levied and returned, was granted by the court, on motion, without the duty and notice required in civil actions ; it was held, that such execution was void.

This was an action of ejectment, tried, on the general issue, at *Fairfield, December* term, 1826, before *Peters*, J.

On the 18th of *March,* 1824, the plaintiffs attached, by a writ in their favour against *Betty Walker,* the demanded premises, which she then owned in fee ; and at the term of the county court in *April,* 1824, they recovered judgment against her for about 350 dollars. On the 10th of *July* 1824, they caused an execution issued on this judgment to be levied on the estate so attached, which was duly appraised and set off to them, so that they acquired thereby a perfect title, unless the title was acquired by another creditor, in consequence of a prior lien.

On the 10th of *March,* 1824, *Sarah Howe* attached the same estate, by virtue of a writ against *Betty Walker,* and at the

*Fairfield,*
*June, 1828.*

Williams
*v.*
Cable.

term of the county court in *April* 1824, recovered judgment against her for 113 dollars, 12 cents. On the 27th of *April*, this creditor had her execution levied on the premises The officer's return was as follows : " With this execution I repaired to the debtor's usual place of abode in *Stratford*, and there made demand of money, goods or chattels to satisfy this execution and my fees ; and there being none shewn unto me, by the direction of the creditor, this 27th day of *April* 1824, I levied this execution on a certain piece or tract of land, [describing a tract of land containing twelve acres, which included the premises.] And the creditor appointed *Elijah Booth*, an indifferent freeholder of said *Stratford*, for an appraiser ; and the debtor appointed *Daniel De Forest,* of said *Stratford*, an indifferent freeholder, for an appraiser ; and the creditor and debtor agreed upon and appointed *Philo Curtiss* of said *Stratford*, an indifferent freeholder, for an appraiser ; and the said three freeholders, so appointed, were sworn according to law, on the 28th of said *April*, by *Daniel Judson*, Esq., a justice of the peace for the county of *Fairfield ;* and a majority of said appraisers did appraise said land, by writing under their hands to be worth to the creditor 27 dollars and 50 cents per acre. I therefore set off to said creditor four acres and two quarters and twenty-one rods of said land, in full satisfaction of this execution and the costs of levying the same, and gave her possession of the same—bounds being erected." Then followed the endorsement of the officer's fees and the certificate of appraisement.

At a special county court, held at *Fairfield*, on the 17th of *August* 1824, *Sarah Howe* presented a writing, on which no duty had been paid, stating the attachment, judgment, levy and return of the officer, and averring, that the levy was void and of no effect to secure to her a title to the land, and praying the court to direct a new execution to be issued. A citation or notice, signed by the clerk of the court, was thereupon served upon *Betty Walker* to appear before the court, on the next day, *viz.* the 18th of *August*, at 9 o'clock, *A M.*, and shew reason, if any she had, why the motion aforesaid should not be granted. *Betty Walker* did not appear ; and the court, on full enquiry into the facts stated, found them to be true, and directed a new execution to be issued on the judgment. It did not appear for what purpose this special county court was called ; nor did it appear, that any order of the chief

judge, or any other person authorized by law to call a special county court, was in fact made. This new execution was, on the 19th of *August*, duly levied on the demanded premises, which were appraised and set off according to law ; and the execution and the officer's endorsment thereon, were recorded in the town-clerk's office and returned into the office of the clerk of the court, within four months from the rendition of the judgment. *Sarah Howe's* title, if she obtained any, had been duly conveyed to the defendant, who was in possession, and had refused to give it up, on demand made.

Upon these facts the judge charged the jury, that the plaintiffs were entitled to recover ; and the jury found accordingly. The defendants moved for a new trial, for a mis-direction.

*Sherman,* in support of the motion, contended, That *Sarah Howe's* second execution and the proceedings under it, were valid and legal. It will be admitted, that if this execution had been obtained on a *scire-facias,* regularly served, and returned to a stated term of the court, it would have been legal.

The first enquiry then, is, whether a *scire-facias* was necessary? If a *scire-facias* be not necessary, it will not lie. The cases in which it will lie, are all specially pointed out in the *English* books of practice ; and this is not one of them. 2 *Archb. Prac.* 76. The former levy was *void ;* and this appeared from the face of the return. The court could see, upon inspection of the record, that a new execution ought to issue. Wherever *scire-facias* lies, there must be a new judgment. 1 *Archb. Prac.* 256. But here a new judgment would be absurd. Nothing was wanted but an instrument, by which the judgment already rendered could be carried into effect. In *England* and in *New-York,* the practice is, to continue down the judgment until execution is taken out ; and a *scire facias* is never necessary, except where the judgment cannot be continued down. In a case like this, there would be no difficulty in continuing down the judgment. If an execution is not necessary, a written motion is its proper substitute. This is in conformity with our practice. 1 *Swift's Dig.* 794, 5.

Secondly, if a *scire-facias* was required by law, the issuing of the execution without one, was a matter of error, and rendered the execution *voidable* only, and not *void. Shirley* v. *Wright,* 1 *Salk.* 273. 2 *Archb. Prac.* 78. The question is not one of jurisdiction ; as the court indisputably had jurisdiction

of the subject matter; and had power to grant execution. They judged it right and proper to issue execution in the manner they did. If they judged wrong, it was error, and must be taken advantage of accordingly. The execution is not, for this reason, void.

Thirdly, the execution is not void, on the ground that it was issued at a *special* session of the court. The statute authorizes the calling, and of course, the holding of a special county court, upon *any* extraordinary occasion. *Stat.* 140. *tit.* 21. *s.* 18. If the court was not regularly called and held, it is incumbent on the party seeking to impeach it, to shew the irregularity. The presumption is, that *omnia præsumuntur rite et solenniter esse acta, donec probetur in contrarium.* But no irregularity appears.

*N. Smith* and *Seeley,* contra, contended, 1. That *Sarah Howe's* lien, created by her attachment, was dissolved, by the levy of the first execution and the subsequent proceedings under it.

This results, in the first place, from the nature of a lien at common law; it not being an interest in or title to land. *Lampet's* case, 10 *Co.* 47. *Barrow* v. *Gray, Cro. Eliz.* 551. *Co. Litt.* 265. 2 *Bac. Abr.* 706. *tit.* Execution. *B.* 7. *Lacey &* al. v. *Tomlinson,* 5 *Day* 77.

Secondly, from uniform practice, authority and sound policy, the election of a creditor as to the mode of service, evidenced by his unequivocal acts, is decisive of the dissolution of a lien created by attachment. The eventual legal sufficiency of the sheriff's doings to procure complete satisfaction of the judgment, is not, and never was, the test; and more especially, as against third persons, subsequent attaching creditors, who can look only at the overt acts of the prior incumbrancer. 2 *Tidd's Prac* 912. *Baldwin* v. *Leavenworth,* 2 *Day* 317 *Loomis* v. *Storrs,* 4 *Conn. Rep.* 440. *Herring &* al. v. *Polley,* 8 *Mass Rep.* 120. *Jackson* v. *Spencer,* 13 *Johns. Rep.* 533.

Thirdly, to extend the lien in the manner claimed by the defendant, would lead to oppression upon debtors, and to frauds upon subsequent creditors and purchasers, and would frustrate our law of attachment. It is, besides, wholly unnecessary, inasmuch as the sheriff is subject to the same liability in this case as in all others, for misfeasance, and for the same reason.

Fourthly, that an insufficient endorsement of service, which fails of producing satisfaction to the creditor, is to be treated as

a *nullity*, if metaphysically correct, is practically false. It is entirely novel, contrary to all usage in this country and in *Great-Britain*, and irreconcileable with principle.

2. That the second execution in favour of *Sarah Howe*, under which the defendant claims, issued irregularly and was void.

First, the special county court, holden on the 17th of *August* 1824, was not legally organized. A special court is not a term court; it is holden *pro hac vice*; has a special limited jurisdiction; is created by a special order, for a special purpose. Its due organization must be shewn, and is not to be presumed. 2 *Inst.* 53. *Crowley's* case, 2 *Swanst. Rep.* 10. *Mills* v. *Martin*, 19 *Johns. Rep.* 34. *Kemp* v. *Kennedy, Wash. U. S. Rep.* 36.

Secondly, if the special court was legally organized for *some* purpose, it does not appear that it was called for the purpose of hearing *Sarah Howe's* application, as it should appear, in order to give jurisdiction.

Thirdly, the process upon which the judges attempted to act, was, on strict technical principles, and by all the authorities and books of entries, both in form and substance, a *scire-facias*. It was also a suit or action, without twelve days notice, and without a duty paid. The court, therefore, could not take jurisdiction of the process. *Litt. sect.* 505. *Co. Litt.* 290. 3 *Bla. Comm.* 421. 2 *Tidd's Prac.* 1043. The judgment on it is the same as on a *scire-facias. F. N. B.* 104. 3 *Bla. Comm.* 424. 1 *Swift's Dig.* 730. 3 *Salk.* 5. 2 *Ld. Raym.* 1048. 2 *Wils* 251.

The *dictum* in 1 *Swift's Dig.* 794, 5. does not intimate, that the lien was *not dissolved*; and therefore, it is no authority in support of the defendant's title. It is, besides, contrary to usage, opposed to principle, and though specious, on first inspection, is, when analysed, evidently ill-considered and untenable.

DAGGETT, J. The judge who tried this cause at the circuit, instructed the jury, that upon the facts admitted and proved, the plaintiffs were entitled to a verdict. The correctness of the charge is now to be examined.

The counsel for the plaintiffs attempt to vindicate the charge on several grounds, which were discussed at large, and each of which might be deemed deserving of consideration :

*Fairfield,*
June, 1828.

Williams
*v.*
Cable.

but as the court is satisfied on one point, which justifies the charge, an opinion will be given on that point only. The execution which issued on the 18th *August*, 1824, in favour of *Sarah Howe* against *Betty Walker*, the levy of which on the demanded premises, alone stands in the way of the plaintiffs' title, *was irregular and void.* It issued from a special county court, *as it is called*, holden on the 17th and 18th of *August* 1824, and on a process called a motion, made by *Sarah Howe*, and dated on the 17th *August*, and of which *Betty Walker* had no other notice than by an attested copy left at her usual place of abode, on the aforesaid 17th day of *August.* An execution was issued on a judgment of the county court of the county of *Fairfield*, at its term of *April* 1824, in favour of *Sarah Howe* against *Betty Walker,* which had been returned into court endorsed satisfied, by a levy on land, which was defective, and by which no title was acquired. The object of the motion was, to obtain a new execution on the judgment ; and the motion was granted. The question now arises, is this proceeding regular and the execution valid ; or is it irregular and void ?

1. It is not shown to the court, that any law or practice of our courts warrants such a proceeding ; nor is it believed, that in a single instance, it has been sanctioned. Debt on judgment and *scire-facias* (in such cases) are familiar to the profession ; but the same object has not been attained by motion. This alone might well excite strong doubts of the correctness of the proceeding.

2. This motion seems designed to answer every purpose of the action of debt or *scire-facias ;* and so the special court considered it, and issued an execution accordingly. If then it was of the nature of a *scire-facias*, or action of debt, it follows, that a plea might have been interposed, and the judgment debtor might have shown all those reasons why a judgment should not be rendered and an execution issued, which are permitted by way of defence in those suits. For a *scire-facias* or debt on judgment the defendant may plead *nul till record,* payment, release, or that the debt and damages were levied on execution, or any matter which could not have been pleaded in the original action. *Co. Litt.* 290. *Grey* v. *Jones,* 2 *Wils.* 251. 2 *Tidd's Prac.* 1043. Many other authorities to the same effect might be cited.

3. If then, this motion, as it is called, is substantially an action of debt or *scire-facias,* could the court legally render a

judgment, and issue an execution, with only 12 or at most 24 hours notice, against the defendant in the suit? It is against first principles, as well as the positive provisions of law, that a judgment can be effectual without the notice prescribed by law, unless indeed, notice be waived. The doctrine of waiver, however, need not be considered; for here was no appearance on the part of *Betty Walker*, nor is there any pretence of waiver. The only authority cited from our books is found in 1 *Swift's Dig.* 795. The commentator there places a motion like the present and a *scire-facias* on the same ground. He was not considering the subject particularly;—his remarks are quite general; no authority is cited; and the opinion, therefore, cannot be deemed obligatory. In the absence of any enactments of our legislature, and there being no practice of courts in *Connecticut* to sustain this proceeding, it must be considered irregular and void.

The charge then was correct; and the rule for a new trial must be discharged.

Hosmer, Ch. J., and Lanman, J., were of the same opinion.

Peters and Brainard, Js., were absent when the case was argued.

New trial not to be granted.