WRIGHT, J.
The ordinance of 1787 provided for the appointment of judges to form a court with common law jurisdiction: (1 Ch. O. L. 67.) The governor and judges of the Northwestern Territory, by act of August, 1788, denominated this a general court, and provided for its sittings: (l Ch. O. L. 97.) The act of August, 1795, provided for holding a term of this court at Marietta, and one at Cincinnati, in each year, for nisi prius courts for the trial of issues in fact, and for writs returnable to the next term after their date: (1 Ch. O. L. 149.) The act of 1800 provides for transmitting the records with the postea endorsed and other ¡Droceedings necessary for. the rendition of judgments to the general court: (l Ch. O. L. 359.) The state government was organized in 1802. The act of the state legislature of April, 1803, abolished the General Court, vested a portion of its jurisdiction in the Supreme Court, and transferred to *633 it the -judgments unsatisfied in the General Court. By virtue-of -this ^transfer the records remain in the-Supreme Court of Hamilton [613 county: (1 Ch. O. L. 359; 1 O. 317; 3 O. 483.)
The execution on Talliaferro’s judgment was issued during the territorial government, in October, 1802, and made returnable to the General Court at Cincinnati in March, 1803. The state courts were not organized until a month after the execution should have been returned — when the levy was made does -not appear, as the return is without date. The 15th of November, 1803, the vendi on which Porter’s property was sold to McArthur, was issued by the •clerk of the Supreme Court of Ross county.; -it commanded the sheriff to sell the land which he had “ certified éo the judges of the Supreme Court of the county of Ross, remains unsold?' It does not appear that the record was ever certified to Ross, or even that the fi. fa. was filed there, though probably it was. We think with the Circuit Court the writ void.
A scire facias is the proper writ to vacate the satisfaction of a judgment, or an endorsement on an execution, by mistake or accident: (1 Root 454.) Remedy in such cases, and in other oases of void process, may be had by motion in court, as where a ca. sa. was served after the return day, or where the writ was issued against a ■dead man, -or after a previous execution and ’levy Undisposed of: (4 Day, 222; 1 O. 467.) It is also the properwri-t to revive a judgment against representatives. But after ten years the writ does not isstce without affidavit of the applicant, that the debt is unpaid, and judgment is refused without personal service, if the defendant is in the county. After twenty years, the writ issues in like manner, but judgment is refused unless upon personal service upon the defendant, let him reside where he may.
Is the case before us a proper case for the writ ? The fi. fa. on which Porter’s land was taken and returned unsold appears to us valid. The vendi as a writ was void — yet, as its object was to compel a sale of t'heland, and as a legal sale could be made without such a writ by the officer, it is not perceived how the declaring an unnecessary and perhaps useless writ void, can affect a title acquired under a valid sale. If, then, the sale was by the officer making the levy, the sale might be good though the vendi was void — but that it was so sold, we are not advised. The case in 5 Coioe7i, 280, vacated the return of a sale of goods, after the value of them liad been recovered of the sheriff and the plaintiff, by the owner of the goods, who was a stranger to the execution: but the ease in the same book, >p. •58, decides that where land had been sold to the plaintiff in execu *634 614] *tion and the money paid, the return will not be vacated, but the party will be left to his other remedies, if he have any.
The affidavit in this case describes a judgment on a bond dated two years before that described in the record exhibited. But' whether that fact could influence the decision or not, is not, perhaps, material. No satisfaction on the judgment has been in fact entered. Satisfaction is claimed to result from a void sale. A proceeding upon a void writ is as no proceeding, and can affect no-right. But the application comes in a very questionable shape. It is by the purchaser at the sheriff’s sale, claiming to act as agent of the plaintiff’s administrator to vacate the sale and return, and open the door for repaying the purchase money, which has gone to the-use of the principal. It is singular, that the administrator of Porter-should employ a creditor of the estate to compel him to repay money improperly withheld. A party in a suit employ his adversary to-conduct the suit. The movement looks suspicious. If the plaintiff’ had not got his money, and the return prevented him from getting new process, his movements might be intelligible. As it appears to-us, we should not allow any steps to be taken by the purchaser in-the name of the plaintiff without undoubted authority, if the right were manifest. The case neither shows any right in McArthur to proceed for himself nor authority to act forTalliaferro’s administrator. Motion denied.