*New-London,*
July, 1836.

Fish
*v.*
Sawyer.

11 545
70 354

### FISH *against* SAWYER.

**Debt** on judgment will lie where an execution has been levied irregularly, and without producing satisfaction.

**A** deed of land to the grantee and his heirs and assigns forever, reserving the use and improvement of the premises to the grantor, during his life, is a valid conveyance.

Where the debtor's interest in the land levied on, was an undivided moiety in fee, subject to a life estate of another person in an undivided third part of the whole, and the interest appraised and set off, was an undivided third part of the whole, unincumbered; it was held, that the levy was void.

THIS was an action of debt on judgment.

The defendant pleaded in bar, that on the judgment mentioned in the declaration a lawful execution was issued, which, while in force, was paid and satisfied to the plaintiff, by being levied on real estate as of the defendant, which was set off, by the officer to whom it was directed, to the execution creditor, in full payment of the debt and costs; and that such execution, with the officer's proceedings thereon, was recorded in the records of the town wherein the estate levied on lies, and returned to the clerk of the court satisfied.

The replication averred, that the execution was no otherwise levied than according to the officer's return, which was set out at length. From this it appeared, that the execution was levied on "all the right, title and interest of the debtor" in the land described, "the interest of said debtor in and to the above described estate being the one third of the same in common and undivided between the said debtor, and the heirs of *James Sawyer*, deceased, and the creditor in this execution named." The appraisers appraised "all the right, title and interest of said debtor in and to the above described property, at the sum of 350 dollars, as the true and just value thereof in money." The amount of the execution being 178 dollars, 64 cents, and the fees being 12 dollars and 9 cents, making in the whole 190 dollars, 73 cents, the officer set off to the creditor named in the execution, in full satisfaction thereof, and of his fees and of all charges thereon, "such a proportion of the said debtor's interest in and to the aforesaid premises as 190 dollars, 73 cents, the whole amount of this execution, bears to the sum of 350 dollars, the whole amount of said debtor's interest in the above described premises, as estimated by the appraisers." The replication then averred, that at the time of the levy, the defendant

was an owner in fee simple of an undivided portion of said estate, as tenant in common with the heirs of *James Sawyer*, deceased, but greater than one third part thereof, *viz.*, one moiety thereof; one third part of the whole estate being subject to an estate for life in *Mercy Sawyer;* and the plaintiff, and the heirs of said *James Sawyer*, deceased, being the owners in fee of said one third part thereof so subject to said life estate; which life estate was all the interest which *Mercy Sawyer* had in said estate, at the time of the levy ; and that the officer and the appraisers, believing the interest of the defendant in said estate to be one undivided third part thereof, and no more, levied upon and appraised said estate as one third thereof, in manner aforesaid, by mistake ; by means whereof, the plaintiff has acquired no interest in or to the said estate, by said levy ; and no satisfaction of said execution has been obtained.

The defendant, in his rejoinder, averred, that at the time of the levy, he was not the owner of a greater estate in said land than that thus taken by the levy, traversing the allegations of the plaintiff in his replication as to the defendant's estate in the land ; on which issue was joined and put to the court.

The cause was tried at *New-London, September* term, 1835, before *Waite*, J.

In the course of the trial, the plaintiff, to prove the allegations in his replication, introduced a deed from *Mercy Sawyer* to *Benjamin Sawyer* (the defendant) and *James Sawyer* (since deceased) conveying to them, and their heirs and assigns forever, one undivided third part of the land on which the plaintiff's execution was levied, reserving to the grantor the use and improvement of the premises during her life. The defendant claimed, that this deed was void as creating a freehold to commence *in futuro.*

The court found the issue in fact in favour of the plaintiff ; but notwithstanding such finding, rendered judgment for the defendant. The plaintiff thereupon, by *motion in error and for a new trial,* brought the case before this court for revision.

*Goddard* and *Child,* for the plaintiff, contended, 1. That the declaration was sufficient. The objection is, that debt on judgment cannot be maintained where the object is to test the validity of the levy of an execution. That a new execution

New-London,
July, 1836.

Fish
v.
Sawyer.

may be obtained, by a *scire-facias*, if not admitted, is proved by the case of *Stoyel* v. *Cady*, 4 *Day* 222. and also by the case of *Williams* & al. v. *Cable*, 7 *Conn. Rep.* 119., if regularly brought. But since the case of *Denison* v. *Williams*, 4 *Conn. Rep.* 402. in which it was held, that no averment of facts showing why a new execution should be had, was necessary, this objection vanishes. It is admitted in *Williams* v. *Cable*, above cited, that debt would lie. 7 *Conn. Rep.* 124.

2. That the declaration being good, the plea is not a sufficient answer to it. The plea must be taken most strongly against the pleader. The defendant avers, that an execution was issued upon the original judgment, which was paid and satisfied to the plaintiff, by being levied on real estate *as of the defendant*, which was set off to the creditor in full payment of the debt and costs, &c. There is no averment that the real estate so levied on and set off was the real estate of the defendant, or that the plaintiff acquired any title, by that levy. It was, therefore, bad *in substance*.

3. That if otherwise, the replication is a good answer to the defendant's plea. It sets forth the levy of the execution; and the plaintiff avers, that he acquired no title to the real estate therein described, by that levy. He also avers, that at the time of the levy, the defendant was the owner in fee of one undivided moiety of the estate in question, as tenant in common with the heirs of *James Sawyer*, deceased; one third of the same being subject to a life estate in *Mercy Sawyer;* and that the levy was made by mistake. The levy is made upon "all the interest of the said debtor in and unto the above described estate;" and the return adds, "being one third of the same in common and undivided with *Mercy Sawyer*, and the heirs of *James Sawyer*, deceased." The officer sets off a proportion of all the debtor's interest in the estate, as 190 dollars, 73 cents, is to 350 dollars, the value of the whole. The defendant's interest must be set off as it is. *Starr* v. *Leavitt*, 2 *Conn. Rep.* 243. An officer levying on an undivided interest, must take such proportion of the debtor's whole interest as he has, and no other.

4. That the deed of *Mercy Sawyer* was a valid conveyance, and the defendant became thereby the owner of an undivided moiety of the estate, subject to her life estate. Here was a grant of all the grantor's right, title and interest in the premises.

The reservation in the *habendum* does not destroy the grant. *Barrett* v. *French* 1 *Conn. Rep.* 354. 362. & n. *Goodtitle* d. *Dodwell* v. *Gibbs*, 5 *Barn. & Cres.* 709. (12 *Serg. & Lowb.* 359.) *Germain* & ux. v *Orchard*, 1 *Salk.* 346.

5. That *Mercy Sawyer's* right pervaded the whole estate; and no allowance having been made for this, in the appraisal, the true interest of the debtor was not appraised or set off. Consequently, the levy was void.

*Brainard* and *Strong*, for the defendant, contended, that the plaintiff needs no new judgment, his execution having been well levied.

In the first place, the defendant owned but one third of the land : the deed from *Mercy Sawyer*, being of a freehold to commence *in futuro*, was void. 2 *Bla. Com.* 144. 165. 4 *Kent's Com.* 228. 1 *Sw. Dig.* 77. *Barwick's* case, 5 *Co.* 94. This deed cannot be sustained as a covenant to stand seised to uses, or as a conveyance made upon the weighty and interesting consideration of blood or marriage : For the deed contains no such covenants; and the consideration, was a pecuniary one.

Secondly, if the defendant owned an undivided half, the levy is good. The plaintiff has got a part of one third of the whole; and if he were to levy again, on the ground that the defendant owned one half, the proportion which he would take, would be reduced, so as to give a proportional part of the same value in the whole.

BISSELL, J. It has been contended, in this case, that the plea of the defendant is insufficient. It is not necessary to decide that point;—because, admitting the averments in the plea to be insufficient, they are answered by the replication.

The motion in error, then, presents two questions for adjudication.

1. Is the declaration sufficient ?

2. Upon the facts stated in the replication, and which have been found to be true, is the plaintiff entitled to judgment?

There is a third question, not raised upon the record, but which, by the agreement of counsel, has been argued, as on motion for a new trial ; and that is, as to the effect of *Mercy Sawyer's* deed.

These questions will now be considered, though not in the order in which they have been stated.

*New-London,*
July, 1836.

Fish
*v.*
Sawyer.

1. The exception taken to the declaration involves a single inquiry; and that is, whether debt on judgment lies, where there is an apparent satisfaction of the execution, issued on the judgment?

It is claimed, that *scire-facias* is the appropriate, and, indeed the only remedy, where there is an apparent, but not a real satisfaction of the execution.

The case of *Stoyel* v. *Cady*, 4 *Day* 222., which has been cited, only proves that *scire-facias* will lie; a point, in regard to which there is no controversy. In *Denison* v. *Williams*, 4 *Conn. Rep.* 402., it was determined, that debt on judgment is sustainable, without averring any special facts as a reason for bringing it. In the case of *Williams* v. *Cable*, 7 *Conn. Rep.* 119., although the point now under consideration did not necessarily arise, yet debt on judgment and *scire-facias* are there considered as concurrent remedies, in a case like the present. And in *De Forest* v. *Strong*, 8 *Conn. Rep.* 513., where this question was much discussed, the court decided, that where debt on judgment was brought, in the case of a mistaken levy on lands, and judgment suffered by default, the judgment was not void, and could not be collaterally impeached, by a third person.

Thus stand the authorities, in *Connecticut*, which have a bearing on this question; and although in none of them is the point directly decided, yet their leaning certainly is in favour of the doctrine, that where there is no real, but an apparent satisfaction of the execution, debt on judgment well lies. And it is believed that the uniform practice, through the state, has been in conformity to this principle. We see no reason for disturbing the practice; as to it, there appears to be no well-founded objection.

There is no satisfaction of the judgment entered upon the record; and nothing, to take the case out of the general principle, that debt lies upon a judgment which is in full force, and unsatisfied.

We are, therefore, of opinion, that the declaration is sufficient.

2. I next proceed to consider the question arising upon *Mercy Sawyer's* deed. And I do so, in this place, because if the question be decided one way, it ends the case, and renders a consideration of the remaining question unnecessary; it being

admitted, that if *Benjamin Sawyer* took nothing under this deed, his precise interest in the premises was taken upon the execution; and the levy was well made. Did then the grantees take any, and if any, what interest, under the deed of *Mercy Sawyer?* It is claimed, that the deed is void; and on the ground that it creates a freehold to commence *in futuro.* It is not, perhaps, strictly accurate to say, that this deed creates a freehold to commence *in futuro.* It conveys a fee, reserving a life estate in the grantor. And the precise question is, whether this be a mode of conveyancing, recognised and sanctioned by the laws of this state. And in considering this question, we do not think it necessary to enquire, whether, at common law, this conveyance may be supported, on the ground of a conveyance *to stand seised :* although it may well be questioned, whether a conveyance like this, would not now be sustained, even in *England. Goodtitle* d. *Dodwell* v. *Gibbs,* 5 *Barn. & Cres.* 709.

But however this may be, we entertain no doubt of the effect of this deed under our own laws. This mode of conveyance is believed to be co-eval with our government. See *Barrett* v. *French,* 1 *Conn. Rep.* 354., and note. In that case, *Swift,* Ch. J., in giving the opinion of the court, says : " This mode of conveyance has been practised in this state, beyond the period of memory; and no inconvenience has resulted from it. This constant and immemorial usage is sufficient to make it a part of our common law. And a deed of this description may be regarded as one of the assurances of real estates."

We are prepared, then, to give effect to every part of this deed. And we hold that it conveyed the precise interest which it purported to convey—that is, a fee to the grantees, subject to a life estate in the grantor.

Such being the effect of this deed, it is admitted, that *Benjamin Sawyer,* instead of one third, owned an undivided moiety of the premises, subject to a life estate of *Mercy Sawyer,* in an undivided third part of the whole. The facts, then, set up in the replication, are well found to be true; and the only remaining enquiry is,

3. Whether, upon these facts, the plaintiff is entitled to judgment? And this enquiry is resolvable into another, *viz.,* was the levy well made?

The officer, supposing that *Benjamin Sawyer* owned only

an undivided third part of the whole, levied upon that, and caused it to be appraised. It was valued at 350 dollars. He then set off such proportion of *Sawyer's* supposed interest, as 190 dollars, 73 cents, the amount of the execution, bears to 350 dollars, the appraised value.

Now, had *Benjamin Sawyer* owned an undivided moiety of the premises, *unincumbered*, we are not prepared to say, that the levy would have been void: because an appraisal of an undivided third part, necessarily involves an appraisal of the whole, and of every integral part. And by varying the proportions, the levying creditor's interest might have been accurately ascertained. But the difficulty is, the part taken, was not unincumbered. *Mercy Sawyer* had a life estate in one third part; and this incumbrance pervaded the whole. No portion of the premises could be levied on and set off, free from this incumbrance. The incumbrance has not been appraised; and of course, there has been no appraisal of the debtor's interest. The levy is, therefore, void. *Starr* v. *Leavitt*, 2 *Conn. Rep.* 243.

The judgment seems to proceed on the ground, that as *Benjamin Sawyer* owned an undivided third part, in one right, that might be taken and set off, without any reference to the interest which he acquired in another right. But this view of the case is manifestly incorrect, for the reason that has been already given. The whole interest of the debtor, should have been taken; and it makes no difference, that his interest was acquired by different titles.

Upon the whole, we think, that upon the facts found, judgment should have been rendered for the plaintiff. The judgment of the superior court must, therefore, be reversed.

In this opinion, WILLIAMS, Ch. J., and CHURCH and HUNTINGTON, Js., concurred.

WAITE, J. I concur in the opinion, that the deed from *Mercy Sawyer* was not void. That mode of conveyance has been sanctioned, by long usage, in this state. But aside from any such usage, I do not think, that upon the principles of the *English* common law, the deed would be inoperative. It purports to convey to the grantees, *and their heirs and assigns forever*, the grantor's interest, with a reservation to the grant-

*New-London,*
*July, 1836.*

Fish
*v.*
Sawyer.

or, of the use and improvement of it, during her life. If the reservation could not operate to retain in the grantor a life estate, it would not operate to destroy the effect of the previous words in the deed, by which an estate in fee was granted. *Goodtitle* d. *Dodwell* v. *Gibbs,* 5 *Barn. & Cres.* 709.

But the principal question is, whether the plaintiff's execution has been legally levied, and his debt satisfied. If so, he cannot recover in his present suit. It appears from the plaintiff's replication, that the execution was levied upon one undivided third part of a certain lot of land, owned by the defendant and others, as tenants in common ; and that such proportion of it, was set off in satisfaction of the execution as the debt and costs bore to the appraised value. It is not denied, that the defendant owned the part levied upon. Indeed, this fact is expressly admitted, by the plaintiff. But the claim is, that the defendant owned a *greater* interest, that is, " one moiety" of the property, "one third part of the whole estate being subject to an estate for life in *Mercy Sawyer.*" In other words, the defendant owned one third of the property, unincumbered, and one sixth part encumbered by *Mercy Sawyer's* life estate.

The unincumbered part was more than sufficient to satisfy the plaintiff's demand. Had he not a right to levy upon that, and apply so much of it as was necessary to satisfy his debt? I can see no sufficient reason why he might not do it. Had the defendant owned the whole estate in severalty, subject to a life estate in a definite part, it is very clear, that the creditor would have been under no obligation to take any part of that which was incumbered, provided the remainder was sufficient to satisfy his demand. The same principle, in my opinion, is applicable to the case under consideration.

In the case of *Marcy* v. *Kinney,* 9 *Conn. Rep.* 394. 400., the court say, that " the proper way" to levy an execution, " is for the officer to levy upon what he supposes enough to satisfy the execution, *the whole tract or less ;* to get the opinion of the appraisers ; then, if it is more than he needs, levy on so much as, in the opinion of the appraisers, will satisfy the execution ; make his return according to the last levy ; and let their certificate correspond with that return." In the case cited, the court was speaking of the levy upon property owned in severalty ; but the same rule applies to a levy upon property owned by one tenant in common. There is no more necessity of

appraising all the debtor's interest, in the one case, than in the *New-London, July, 1836.* other.

In the case under consideration, the officer levied upon one undivided third part, caused that to be appraised, and then set off such proportion of it as was necessary to satisfy the execution. A definite rule is given, by which the plaintiff's interest in the whole tract may be ascertained. Suppose the plaintiff's execution had amounted to just the value of one third part. Then the plaintiff would have owned the one third part unincumbered ; the defendant one sixth part, encumbered by *Mercy Sawyer's* life estate ; and the heirs of *James Sawyer,* the remainder, subject to the remainder of the life estate. No difficulty could arise in the division of the property. But in the present case, the plaintiff's interest is less than one third ; consequently, the defendant owns the remainder of it, also the one sixth part.

Had the plaintiff levied his execution in the manner claimed, that is, by taking an undivided portion of all the defendant's interest, the partition of the property would have been rendered more difficult and complicated. For, in that case, it would be necessary to set out the life estate of *Mercy Sawyer,* partly in the plaintiff's share, as well as partly in the defendant's ; whereas, according to the present levy, her interest in the part that originally belonged to the defendant, may be aparted to her in the share still belonging to the defendant.

From the best examination I have been able to give this case, I am satisfied, that the plaintiff's execution was legally levied and satisfied ; and consequently, that there is no error in the judgment complained of.

Judgment reversed.