EMMONS ARNOLD & another *vs.* WILLIAM F. RORABACK.

In an action on a judgment rendered in another state, on which an execution has there been returned satisfied in part only, the plaintiff can recover no more than the sum for which it was returned unsatisfied, although damages have been recovered against the officer who served it, for seizing and selling thereon property not liable thereto, the avails of which sale were included in the sum for which he returned it satisfied, and although by the law of the state in which the judgment was rendered (as in this commonwealth) the plaintiff might, for such cause, obtain a new execution, on *scire facias.*

CONTRACT brought to recover the balance due upon a judgment recovered in Connecticut for $360.45.

At the trial in the superior court, before *Morton*, J., the plaintiffs introduced in evidence a copy of the record of the judgment, and of the execution which issued thereon, with the officer's return, which showed that he had seized and sold personal property amounting, besides his fees, to the sum of $222.27; leaving the execution unsatisfied to the amount of $138.18. Among this property was a cow, which was sold for $21.50. The plaintiffs were allowed to prove, against the defendant's objection, that the defendant had brought a suit and recovered judgment against the officer for the taking of the cow; and the judge ruled that the plaintiff was entitled to recover the sum of $159.68, with interest, and a verdict was returned accordingly. The defendant alleged exceptions.

*I. Sumner*, for the defendant, cited *Wyer* v. *Andrews*, 13 Maine, 168; *Ladd* v. *Blunt*, 4 Mass. 402.

*J. E. Field*, for the plaintiffs, cited Gen. Sts. *c.* 133, § 18; *Canfield* v. *Miller*, 13 Gray, 274; *Gooch* v. *Atkins*, 14 Mass. 378; *Greene* v. *Hatch*, 12 Mass. 195; *Tate* v. *Anderson*, 9 Mass. 92.

METCALF, J. The court are of opinion that the plaintiffs can recover, in this action, only $138.18, the amount for which the execution that was issued on the judgment now in suit was returned unsatisfied, and interest thereon, and that the laws of this commonwealth afford them no means of recovering the other sum of $21.50, which they claim. It appears from the case of *Langdon* v. *Langdon*, 1 Root, 453, that by the law of

Connecticut, where the judgment in suit was rendered, the plaintiffs might have a writ of *scire facias* thereon, and a new execution for said sum. See also *Stoyel* v. *Cady*, 4 Day, 222, and *Williams* v. *Cable*, 7 Conn. 119. So by our Gen. Sts. *c.* 133, § 18, " if an execution is returned satisfied in whole or in part by the sale of property not liable to such execution, and if damages are recovered against the judgment creditor, or the officer who served the execution, on account of the seizure and sale of the property, the creditor may have a writ of *scire facias* on his judgment, and shall thereupon be entitled to a new execution for the sum then remaining justly and equitably due to him." As the creditor, in such case, had no remedy at common law, *scire facias* is his only remedy. *Perry* v. *Perry*, 2 Gray, 326. *Andover & Medford Turnpike* v. *Gould*, 6 Mass. 44. But it is manifest that this remedy must be confined to our domestic judgments, and cannot be applied to the present case ; for we cannot issue an execution on a judgment of a court of another state or country.

For these reasons, and because legal remedies must be conformed to the law of the forum where they are sought, and, when that law affords no remedy, that forum is powerless, the plaintiffs cannot have judgment for the full amount of their verdict, and these exceptions must be sustained, unless the plaintiffs shall remit $21.50 and the interest thereon, which are included in the verdict. On remitting that amount, they may take judgment for $138.18, and interest on that sum to the time when the verdict was returned. If the plaintiffs so elect, they may discontinue this suit, or become nonsuit, and resort to a court in Connecticut for the recovery of both the aforesaid sums.