INHABITANTS OF THE COUNTY OF PISCATAQUIS

*vs.*

INHABITANTS OF THE TOWN OF KINGSBURY.

Penobscot.   Opinion April 15, 1882.

*Debt.   Scire facias.*

Where an execution against a town is returned, by an officer, satisfied by a sale of real estate situated in the town, but not belonging to any of its inhabitants, the execution not running against such real estate, and the sale for such reason being a nullity, the money paid by the purchaser may be recovered back of the creditor as paid to him by the purchaser by mistake.

When the creditor pays it back voluntarily, he may revive his execution either by *scire facias* or an action of debt; the two forms of action being in this State, where property is sold upon execution and not levied upon by appraisal and set off, concurrent remedies.

REPORT on agreed statement of facts.

Debt on a judgment recovered at the October term, 1873, of this court in Penobscot county, for four hundred and ninety-five dollars and forty-eight cents debt, and sixteen dollars and eight cents costs of suit.

The material facts are stated in the opinion.

*Joseph B. Peaks*, county attorney for Piscataquis county, for the plaintiffs, cited: *Hayford* v. *Everett*, 68 Maine, 505 ; *Gooch* v. *Atkins*, 14 Mass. 378 ; *Greene* v. *Hatch*, 12 Mass. 195 ; *McLellan* v. *Whitney*, 15 Mass. 137 ; *Ware* v. *Pike*, 12 Maine, 303 ; *Steward* v. *Allen*, 5 Maine, 103 ; *Dennis* v. *Arnold*, 12 Met. 449 ; *Pillsbury* v. *Smyth*, 25 Maine, 427 ; *Grosvenor* v. *Chesley*, 48 Maine, 369 ; *Soule* v. *Buck*, 55 Maine, 30 ; *Prescott* v. *Prescott*, 62 Maine, 428 ; S. C. 65 Maine, 478.

*Wilson and Woodard*, for the defendants.

Under a statute provision for the collection of a debt against a town, an auction of lands by a sheriff takes place. The maxim " *caveat emptor* " applies to such a sale. Addison on Contracts, vol. 2, (Morgan's ed.) § 614 ; Kent's Commentaries, (12th ed.) vol. 4, page 435, N. G.

One Charles A. Everett was purchaser at the sheriff's sale. He paid his money and took his deed. The sheriff took the money of the purchaser, and paid it to the execution creditor. The creditor never met the purchaser, made no covenants with him, did not know him in the transaction. The creditor only knew, that having placed his execution in the hands of an officer, that officer paid him his money.

The execution creditor brings this, his action, to recover back the money, which he had been foolish enough, or indiscreet enough, or generous enough to pay to the purchaser.

Suppose that the law of the case is, as we contend, such that Mr. Everett could not have recovered back his money by law for the

reason that the doctrine of "*caveat emptor*" applies, would the plaintiffs' counsel pretend that the voluntary acts of the parties could confer rights that the law refused? *Smith* v. *Painter*, 5 S. and R. 223; *Friedly* v. *Scheetz*, 9 S. and R. 156; *Auwerter* v. *Mathiot*, 9 S. and R. 397; *Wadler* v. *Far. Bank*, 11 S. and R. 134; *Ware, Exr.* v. *Pike*, 12 Maine, page 306, as to payment without suit.

The warrant for this present proceeding is found, or supposed to be found in statutes or decisions giving to parties, who, being creditors in executions have caused levies to be made upon real estate or supposed real estate of debtors, and upon failure of title or defective proceedings, remedy has been sought through the courts by action of debt upon judgment or *scire facias* to revive the judgment for the reason that the plaintiff had taken nothing by his proceedings, but in the case at bar the plaintiff, the county of Piscataquis, had taken every thing by its proceedings, having got its, or their, debt in full by the sale at public vendue. Freeman on Judgments, 2d ed. § § 478, 479.

A second answer to this action is that, if the plaintiff has any remedy under such a state of things, this is a case of mistaken remedy. This question has been thoroughly considered in Massachusetts, in *Perry* v. *Perry*, 2 Gray, 326.

This is a case of the sale of an equity of redemption, and purchase by a third party, and the statutes of Massachusetts in force at the time and cited, will be found to contain the same provisions as the statutes of the State of Maine. R. S., of Mass. c. 73, § 20, corresponds to c. 76, § 17 of our R. S., and § 21 of same c. in Mass. R. S., corresponds to § 18 of c. 76 of our R. S. § § 31, 37, 38 of same c. in Mass. R. S., correspond to § § 27, 28, 29 of c. 76, R. S. of Maine.

It seems that under former statute provisions in Massachusetts, the cases *Gooch* v. *Atkins*, 14 Mass. 378, and *Greene* v. *Hatch*, 12 Mass. 195, were decided, holding the doctrine that debt upon judgment would lie in such a case, but, after the change, which leaves the statute in Massachusetts the same as ours, the doctrine is announced and maintained by sound reasoning that *scire facias* is the exclusive remedy. See case *Dennis* v. *Arnold*, 12 Met. 449; see also *Dewing* v. *Durant*, 10 Gray, 29.

PETERS, J. The county of Piscataquis recovered a judgment against the town of Kingsbury; took out an execution. thereon running only against the property of the inhabitants of the town; caused the real estate of non-residents to be sold upon the execution to a third person, who was a bidder therefor at the sheriff's sale; the sale was declared to be void (*Hayford* v. *Everett*, 68 Maine, 505); and the county, repaying the money to the purchaser, sues this action to get the judgment renewed. The execution was not a nullity, but gave no authority to proceed against the particular kind of property sold.

It is contended, by the defendants, that no action lies; that, as to the purchaser, the rule of *caveat emptor* applies; that the purchaser had no right of action against the creditor for the price paid; and that the creditor cannot revive a right of action by a voluntary repayment to the purchaser.

We cannot concede this position to the defendants. We think it was a case of money paid by common mistake and without consideration, and recoverable back. The mistakes of fact were several. The clerk omitted to make out a complete execution—the mistake of a draftsman—that was a mistake of fact. 1 Story's Eq. Jur. § 115. Then the parties made a mistake of fact, in supposing the execution to be properly issued. Then, it may be assumed, perhaps, that the parties did not know that the land sold did not belong to residents, inasmuch as the land was advertised for sale as belonging to owners unknown. A mistake of title may be a mistake of fact. Private right of ownership is, generally, a matter of fact, while it may be also the result of matter of law. *Shaw* v. *Mussey*, 48 Maine, 247; Benj. Sales, 415, 419. This latter statement would not apply where a purchaser has received that which he really intended to buy, although the thing bought should turn out worthless; as, for instance, where a man buys all the title another man has, and takes a quitclaim deed, and it turns out that the grantor had no title. *Butman* v. *Hussey*, 30 Maine, 263. Here the title was well enough, but there was a lack of sufficient instrumentality employed to convey it to the purchaser. In some of the states the right to recover back money paid under such circumstances is granted by statute; and it has been conceded by several judicial decisions.

*Stoyel* v. *Cady*, 4 Day, 222; *Flagg* v. *Dryden*, 7 Pick. 56; *Wilson* v. *Green*, 19 Pick. 433; see *Pillsbury* v. *Smyth*, 25 Maine, 427, 432.

The defendants contend that *scire facias*, and not debt, is the proper remedy to revive the judgment; that debt does not lie at common law; and that, if it once did lie, it has been abolished by R. S., c. 76, § § 17, 18.

First: Is debt a permissible remedy at common law? It was early held to be so in Massachusetts. *Greene* v. *Hatch*, 12 Mass. 195; *Gooch* v. *Atkins*, 14 Mass. 378. In *Green* v. *Bailey*, 3 N. H. 33, it was held that debt is an appropriate remedy where a levy is irregular and void on its face, but not where the trouble is that the execution is levied upon land not the property of the debtor. In *Fish* v. *Sawyer*, 11 Conn. 545, it was decided that debt, as well as *scire facias*, is a proper remedy to revive a judgment, when a levy is for any cause void; a proceeding authorized by the uniform usage and practice in that state. The question was much discussed, in our own state, in *Ware* v. *Pike*, 3 Fair. 303, and was decided in accordance with, and largely upon the strength of, the Massachusetts cases before cited; and it was there held that debt and *scire facias* were concurrent remedies.

In *Perry* v. *Perry*, 2 Gray, 326, the Massachusetts court, per METCALF, J., denied that debt would lie at common law to revive a judgment which had been levied upon real estate; and we are asked by the defendants to accept the doctrine declared in that opinion. We see no sufficient reason to induce us to do so, and think that a rule of law so long ago established and for such length of time acted upon, affording a fair and efficacious remedy to parties, should not, for merely technical objection, be readily disregarded. If the principle, upon which the earlier Massachusetts cases were grounded, cannot be traced to the old common law itself, it is just as binding, though it may have been engrafted upon the system during some of the stages of its subsequent evolution and growth. Those early decisions in Massachusetts, decided at the beginning of the century, although repudiated by the expressions contained in *Perry* v. *Perry*, must be regarded as a reliable proof of the practice and opinion in this matter at that

early day. And "*communis opinio*," said Lord ELLENBOROUGH, in *Isherwood* v. *Oldknow*, 3 M. and S. 382, "is evidence of what the law is—not where it is an opinion merely speculative and theoretical floating in the minds of persons; but where it has been made the groundwork and substratum of practice." It is not easily seen wherein this engraftment upon the English common law, if it be such, can be regarded as at all trenching upon any of its ancient maxims or principles. Broom, Max. 104; 3 Bl. Com. 160, 421; Spauld. Prac. 507.

Has the remedy, by an action of debt, been abolished or superseded by statute? It has been, as far as levies by appraisal and set-off are concerned. *Grosvenor* v. *Chesley*, 48 Maine, 369. But not in cases of a sale upon execution of an equity or of any other interest in land. See the remarks upon this question of TENNEY, J., in *Pillsbury* v. *Smyth*, 25 Maine, 427, upon pages 430 and 431; in which case this point is virtually determined adversely to the present defendants.

An examination of the statutory provision (R. S., c. 76 § § 17, 18) will show several difficulties in the way of its application to a case like this. "A creditor, who has received seizin of a levy," must sue out the *scire facias*. In the first place, a sale is not a levy, in the sense of § 17. In the next place it is not "a creditor" who receives the seizin, but, if there be a seizin in such case, the *purchaser* receives it. Then, in the sense of that section a seizin is not deliverable to a purchaser. Then, further, the remedy is given, "when the execution has been recorded" in the registry of deeds; but, when a sale is made, the statute does not require the execution to be recorded; only the officer's deed of equity need be. R. S., c. 76 § § 15, 33. It is "the creditor" who must sue out the *scire facias*, and to whom a tender of a deed of release is to be made, in order to make an irregular levy good. But the creditor in this case has made no levy, and has acquired no title, regular or irregular, voidable or void. The title goes to a purchaser, and the purchaser has no claim whatever against the debtor, and cannot maintain a suit against him. It must be seen that the sections cited are most thoroughly inappropriate to embrace the case before us.

The case of *Perry* v. *Perry*, 2 Gray, 329, *supra*, is greatly relied upon by the defendants upon this point; a case arising upon a statute not in all respects the same as ours. There is no provision in the statute upon which that case is founded, that a deed may be tendered to the creditor; and it provides that a *scire facias* may be commenced after the execution is "returned" or recorded, while our statute omits the word returned; and the result was carried in that case, in a measure, from the necessity of extending thereto the remedy of *scire facias*, as the same case decides that debt at common law would not lie, a declaration of the law which, as applicable to our own practice, we do not assent to. Further, it appears that in Massachusetts the remedy of *scire facias* is extended by statute to all cases of sales of personal property upon execution, where the title fails to be in the debtor, a fact which went to influence the result in the case cited. We have no such statutory provision. The authority of that case does not convince us that our own statute should receive the judicial construction contended for.

Whether it would or not be wise to extend *scire facias* to all sales as well as levies, as·an exclusive remedy, now that real estate, by c. 80, of the acts of 1881, may in all cases be sold upon execution as well as be levied upon, is a question for the legislature.

*Defendants defaulted.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.