Judge Wright
delivered the opinion of the court.
This is not a ease of void process, nor one where satisfaction has been entered upon a judgment by mistake. The case of Arnold v. Fuller, 1 Ohio, 466, and that of Stoyd v. Cady, 4 Day, 222, were both to vacate a satisfaction growing out of void process. The writ of execution in the case before us was valid, and the-levy, appraisement, sale, examination by the court, order for deed, and the execution of the deed, all in fact took place. The case discloses an alleged after discovery of a failure in the title of the judgment debtor, whereby the plaintiff failed to realize the satisfaction or the profit he expected, wherefore he prays that all the-proceedings may be set aside, and an opportunity afforded him to proceed again by new execution.
The maxim caveat emptor applies to all purchasers at sheriff’s-sale. In Smith v. Painter, 5 Serg. & R. 225, the judge pronouncing-the opinion of the court, says : “ The sale by sheriff excludes alL warranty. The purchaser takes all risks. He buys on his own *490 knowledge and judgment. Gaveai emptor applies in all its force to him. If this- was not the law, an execution, which is the end •of the law, would only be the commencement of a new controwersy.” The defect of title is no reason for setting a sale aside which has been fairly made. If there is fraud, that will affect ¡sales by sheriffs as it will all other sales. A case is reported in 9 Serg. & R. 156, of a suit brought by the sheriff for the purchase ■money. The defendant pleaded that the judgment debtor, at the ■time of the levy, etc., had no estate, right, title, or interest in the land sold, having, bona fide, sold and conveyed it by deed of prior •date. The court held it no defense that there was no title. They ,say: “ It is a mistake when it is supposed the sheriff sells a sound 483] *title. He sells the claim of the defendant, and no more; .as free and as clear an estate as the debtor held.” The same doctrine is recognized in 11 Serg. & R. 138, and 1 Call, 24.
If we were disposed to disregard the maxim caveat emptor, and •introduce a new rule, how would the case before us stand? Has the plaintiff entered upon the land he purchased and been evicted? •Or does any one dispute his right to hold? Is the land still vacant, and has there been no attempt on the part of the purchaser to obtain the possession ? Has he tried his title at law, and been •defeated? The averments in the writ do not respond to these inquiries. The allegation is that the defendant had no title at the time of the levy, and has acquired none since. There is no express allegation that the title is outstanding in any one else. It ■seems to be an attempt in this way to try the title of the judgment debtor in the land levied upon, at the instance of the plaintiff, and purchased by him. The writ, indeed, calls upon the defendant to set forth his title and assert a claim, if upon examination it shall be adjudged insufficient for any cause, that the levy and all subsequent proceedings may be vacated; though, perhaps, the cause for which the title is adjudged insufficient may be that of a conflicting claimant, who may never set it up, or in any way .use it against the right of the purchaser. It has more the appear.ance of a bill in chancery for discovery and relief, than a writ of scire fictas to assert a mere naked legal right.
We are of opinion the writ itself shows sufficient cause against granting its prayer, and sustain the demurrer. Judgment for the ■defendants for costs.