### THE MECHANICS' SAVINGS AND BUILDING LOAN ASSOCIATION v. MICHAEL C. O'CONNER.

1. Where, under a decree in equity, real estate has been sold by a master commissioner without fraud on his part, and, after confirmation of the sale, suit is brought by the master against the purchaser to recover the purchase-money, it is no defense to show that the purchaser was mistaken as to the character and quality of the property.
2. Where real estate which has been sold at a judicial sale was, by mistake

of the officer, appraised and advertised for sale as dry land, while in fact a part thereof is covered with water, the purchaser, who also believed the property to be dry, but was not misled by the act or representation of the officer, is bound by the sale.

3. Where real estate is decreed to be sold by the sheriff or master commissioner of the county, without naming the master, and the sale is afterward made by a master, no objection, after the confirmation, can be made on account of uncertainty in the order.

ERROR to the District Court of Lucas county.

The defendant in error brought the original action in the Court of Common Pleas of Lucas county against the plaintiff in error to recover $4,050, the purchase-money for the undivided half of four lots, to wit, Nos. 95, 96, 97, and 98, in Oliver's division of the city of Toledo, sold to the defendant by the plaintiff as a master commissioner on the 24th of October, 1874, under an order made and issued from the said court of common pleas.

The original petition, as amended, duly stated the proceedings in which the sale was ordered; the order of sale; the due execution thereof by the plaintiff as master; the return of sale; its confirmation; the execution and tender of a deed to the defendant as purchaser, and the refusal of the defendant to accept the deed and pay the purchase-money, with prayer for judgment.

Judgment having been rendered for the plaintiff below, the defendant, now plaintiff in error, alleges that the court of common pleas erred in sustaining a demurrer to the second defense set forth in his answer, and that the district court erred in affirming the judgment of the common pleas.

The second defense, in the answer to the original petition, was as follows: "2. For a second cause of defense in said action, the defendant says that it is not true, and it therefore denies that said plaintiff caused to be appraised the undivided half of lot ninety-eight (98) of Oliver's division of Toledo, Lucas county, Ohio, as in said petition alleged; and it denies that said plaintiff struck off and sold to said Albert Macomber for this defendant the undivided half of said lot 98, Oliver's division aforesaid, as in said petition

alleged. Defendant, further answering, says that the said real estate, viz., the undivided half of lots Nos. 95, 96, 97, and 98, of Oliver's division of Toledo, were appraised by the appraisers selected by said plaintiff, upon the information and belief that the same consisted of dry land lying along the banks of Swan creek, a navigable stream, situate partly within the city of Toledo aforesaid; that said property was advertised by plaintiff as dry land, and not as water lots. The defendant, by its said secretary, Albert C. Macomber, attended at the sale thereof, and bid upon the same, on the information and belief that the same were dry land, as aforesaid; that immediately after said sale, and before the confirmation thereof by the court, defendant for the first time ascertained that the whole of said lot 98, and a portion of said lot 97 aforesaid, were situate between the banks and were covered by the water of said Swan creek; and that immediately upon ascertaining such fact, defendant notified said plaintiff that it refused to consider its said bid binding upon it, and would refuse to accept a deed of or pay for said property. And defendant says that, in fact, there is no such lot in existence as the one numbered 98, and only about one-half of the one numbered 97, in said Oliver's division, and described in said plaintiff's petition."

As to other points decided, the facts are sufficiently stated in the opinion.

*Williams & Kumler* and *T. J. McDonald,* for the motion, contended that a bidder at a judicial sale (proper), such as a sale under a decree in chancery, and to whom the premises are struck off, is not a purchaser until confirmation. The biddings are not binding until confirmation. Rover on Jud. Sales, secs. 3–5, 12, note 6, and cases cited, and secs. 13, 15, 17; *Busy* v. *Hardin,* 3 B. Mon. 407; 11 Vesey, 559; *Eakin* v. *Herbert,* 4 Cold. 116. And such bidder, before confirmation, has the right to withdraw his bid. *State* v. *Baum,* 6 Ohio, 383; *Longworth* v. *Mitchell,* 26 Ohio St. 342; *Eskridge* v. *Glover,* 5 Stew. & Por. 264; Benjamin on Sales, sec. 41.

Under the state of facts set up in the second defense, the defendant was not bound to complete the purchase. *Smith* v. *Brittain,* 3 Iredell Eq. (N. C.) 347; *Deadrich* v. *Sneath,* 6 Humph. (Tenn.) 147; *Johnson* v. *Johnson,* 3 Bosanquet & Pullan, 161; *Hill* v. *Buckley,* 17 Vesey, 394; *Ex parte Minor,* 11 Vesey, 559; *Strickland* v. *Turner,* 7 Ex. 206; *Eakin* v. *Herbert,* 4 Coldwell, 116; Rover on Judicial Sales, secs. 155, 156, also secs. 459–462; 2 Hilliard on Vendors, 216, 220; *Graham* v. *Bleakie,* 2 Daly (N. Y.), 55; 2 Barb. Ch. Pr. 533, 534.

The rule *caveat emptor* does not apply in cases of misconception or fraud, and the buyer discovers the fraud before payment, confirmation, and the delivery of the deed. Rover on Sales, sec. 462, and secs. 155, 156, and cases there cited.

The sale was null and void because the court did not designate and appoint the master commissioner. Rover on Sales, secs. 88, 89, 189; 72 Ohio L. 68.

*R. & E. T. Waite,* contra, claimed that even if the defense, as stated, was sufficient to have applied to the entire contract, it was made too late. It should have been made to the court which confirmed the sale. The purchaser having permitted the sale to be confirmed, was estopped from making the defense. *Mayer* v. *Wick,* 15 Ohio St. 548; *Vattier* v. *Lytle,* 6 Ohio, 477; *Oviatt* v. *Brown,* 14 Ohio, 285; *Creps* v. *Baird,* 3 Ohio St. 277.

MCILVAINE, J. The true meaning of certain matters stated in the second defense is involved in some doubt.

It is denied that lot 98, described in the petition, was appraised or sold by the plaintiff to the defendant. It is also averred that there is no such lot as 98 in existence, and the same as to part of lot 97.

And, again, it is averred that lot 98 and part of lot 97 are water-lots. And also that this lot 98 and part of lot 97 were appraised and advertised for sale as dry land, whereas they are situated within the banks of a navigable stream.

Applying the rule, however, that a pleading which con-

tains inconsistent statements should be construed against the pleader, we must hold that the existence of these lots is admitted, as also that they were appraised and sold.

And having thus settled the construction of the pleading, we are of opinion it does not state facts sufficient to constitute a defense to the action.

The grounds upon which the defendant relied, as we understand the answer, are that all the lots were appraised and advertised for sale as dry land; that the defendant's bid therefor was made upon the information and belief that they were dry, whereas, in fact, lot 98 and part of lot 97 were under water, and that immediately after the sale the defendant discovered their true character, and, before confirmation, notified the plaintiff that it would not accept a deed or pay for the lots.

It is true, upon the facts stated, the defendant did not buy such lots as he supposed he was buying. And it may be true, also, that the plaintiff believed that all the lots offered were dry. This, however, does not make such a case of mutual mistake as vitiated the contract. The mistake was simply as to the character or quality of the lots. The sale was a judicial one, and the purchaser was charged with the duty of ascertaining for himself the character and condition of the property. This it failed to do, and for such neglect, it stands as though it had full knowledge in the premises.

It is not alleged in the answer, that the plaintiff, in any particular, acted in bad faith; or that the defendant was misled or deceived by any act or representation made by the plaintiff. Nor is it alleged even that the property was not worth the price bid, or as much as if it were dry.

True, it was disappointed, but that was its own fault. The plaintiff was neither a warrantor nor a fraudulent vendor.

If the defendant had been free from negligence and had been deceived by the act or representation of the plaintiff, it might be entitled to protection. But the case made shows, that it not only wishes to be relieved from the rule,

*caveat emptor*, but actually seeks to cast the consequences of its own carelessness upon an officer of the court honestly conducting a judicial sale.

If, before the sale was confirmed by the court, the defendant had applied for relief, and had moved to set the sale aside, the court, in its discretion, might have done so. But after the sale is confirmed, in an action for the recovery of the purchase-money, the facts stated in this answer do not constitute a good defense either at law or in equity.

2. It is also claimed that the sale was void for want of authority in the master commissioner to make it. The decree under which the sale was made directed that the property should be "sold by the sheriff or master commissioner of said county as upon execution." It is objected that the master was not named in the decree. We think the objection is not well taken. It is true that the direction was to the sheriff *or* master commissioner. This is unusual. But after sale by the master is made and confirmed, the irregularity is cured. Where a regular master commissioner is ordered to sell, it is not necessary that the name of the officer should appear in the decree; at least, after sale confirmed, it is too late to make the objection. Other objections are made to the judgment below, but we do not find any error in the record, and no further report need be made.

*Motion overruled.*