Nash, J.
We think it is reasonably certain that at the. time the sale took place, the assignees and Stein and Dres *77 bacb, the purchasers, supposed that the premises sold contained three hundred and sixty and acres, and were without knowledge as to the deficiency of forty acres. Can this mistake be corrected in proceedings by the assignees to foreclose the mortgages given to secure the payment of the purchase money ?
To determine this, question we must first ascertain the character of the sale. It was conducted under section 5 of the act regulating the mode of administering assignments for the benefit of creditors. [58 Ohio Laws, 105.] The land had been surveyed, appraised and offered at public sale, but had not been sold for want of bidders. All these things were done under the supervision of the probate court and in the manner provided by the statute. Then application was made to the probate court for an order to sell at private sale. The court exercising a power conferred by section 5, above referred to, and being satisfied that it would be for the advantage of the creditors of the assignors, made the order. The assignees then sold the land to Stein and Dresbach, upon the terms and under the limitations authorized by the . court. The sale was reported to the court, confirmed by the court, deeds ordered by the court and made and delivered to the purchasers in pursuance of such order. In short the assignees acted as the agents of-the court in selling the land and simply obeyed its orders, made in accordance with powers conferred by the statute regulating assignments for the benefit of creditors. This was a judicial sale — a distinguishing feature of which is that it must be confirmed by the court before it will be complete. Freeman on Void Judicial Sales, 14; 1 Bouvier’s Law Dictionary, 767; Rorer on Judicial Sales, chap. 1, p. 1, and the authorities therein cited.
As this was a judicial sale, we are of opinion that in an action by the assignees against the purchasers to foreclose the mortgage given to secure the purchase money, the purchasers cannot be made whole as to the mistake of forty acres by being given a credit of $2,000. Stein and Dresbach were charged with the duty of ascertaining for themselves the character, condition and amount of the property. *78 Mechanics S. & B. L. Association v. O' Conner, 29 Ohio St. 651. This could have been easily done. The surveyor employed by the assignees to subdivide and plat the land made correct returns of the length of the boundary lines, and if the purchasers had made a computation from these the mistake now complained of would have been discovered. The defendants before giving their mortgages and before the sale was completed, employed a surveyor for the purpose of dividing this parcel of land into two equal parts. This he attempted to do. From these circumstances it would seem that nothing less than great carelessness could have prevented them from discovering this error.
If the purchasers had sought relief by resisting the confirmation of the sale and at a time when all parties could have been restored to their original position, it should have been granted. They do not now ask to have the original contract rescinded. It is impossible in this action to give the defendants any relief. Okill v. Whittaker, 2 Phillips Ch. Reps., 338.
The cases under consideration were in the district court on appeal. That court without making any finding upon the facts, reserved the cases upon the law and the facts to this court. We render the decree in each case which the district court should have rendered and in favor of the plaintiffs.

Decree accordingly.