Hickman, J.
When the land of which the testator, Emanuel Arnold, died seized and possessed, was sold by the executor, George P. Hinsdale, under the order of the court of probate, the knowledge had been brought home to the purchasers, that Sarah Arnold and Adaline A. Arnold were then alive; that they had been wives of the testator, and had been divorced from him on account of his wrongs and aggressions. Prior to the sale, it was a subject of inquiry with the executor and purchasers, whether the latter could acquire a clear and unincumbered title, free from dower — -the former wives of the deceased not having been made parties to the suit in the court of probate for the sale of the land. After advising with counsel, the purchase was made; but not until the executor had promised and agreed, to indemnify the purchasers against any claim for dower. The purchasers were, from the beginning, put on their guard, and acted in full view of the fact, that no dower had ever been assigned and set off to either of the wives. The right of the dowress is as plain and obvious as the right of the heir-at-law. It is a legal estate, and not a secret equity, and until assigned and set off, is a recognized incumbrance upon the land of the deceased husband. But the defendants in error purchased while cognizant that the surviving wives not only had not been endowed, but had not been made parties to the suit for the sale of the land, although the children, heirs-at-law and devisees of the testator, were parties to the proceedings. There is no intimation that any concealment, misrepresentation or fraud can be imputed to the executor, -whereby the purchasers were induced to buy the land.
The facts in this case require, we think, the application ■ of the rule, “Let the buyer beware.” The maxim caveat emptor is applied in all its force to judicial sales. Vattier v. Lytle’s Executors, 6 Ohio 477; Corwin v. Benham, 2 Ohio St. *79 37; Creps v. Baird, 3 Ohio St. 277; Dunlap v. Robinson, 12 Ohio St. 530; Westfall v. Dungan, 14 Ohio St. 276; Mechanics’ Loan Association v. O’Connor, 29 Ohio St. 651. In the absence of fraud, the buyer buys at his own risk as to title. The executor’s express warranty of title, unless authorized by the will or by the order of the probate court under which the sale is made, will not bind the estate of the testator. And no warranty of title by the executor, which can bind the estate, will be implied in law. He sells, and the purchaser gets only the interest or estate of the deceased in the premises, whatever it may be; and if the executor warrants expressly, he binds himself individually, but the warranty affects no one else.
It is alleged that when the executor sold the land to the defendants in error, he promised that he would indemnify them against any claim for dower, and that if dower should ever be asserted and assigned to either Sarah Arnold or Adaline A. Arnold, he would refund to the purchaser sufficient of the purchase money paid by them, to make them whole and save them harmless. It is not claimed that authority to make such promise in behalf of the estate, was derived from any power' contained in the will, or from the order of sale issued by the court; and if any liability was incurred by reason of the promise, it was that of the executor individually. It was-said by the court in Dunlap v. Robinson, supra: “ If express covenants contained in the deed of the administiator, do not bind the estate, we think it clear that his verbal representations, in regard to the state of the title, can have no such effect. Whatever ground such representations may furnish for rescinding or setting aside the sale, or whatever personal liability they may impose upon the administrator, the law which gives him the character of a trustee, has conferred upon him no power to create liabilities against the estate by any warranties, either within or outside of his deed of conveyance.”
It is averred in the original petition, that the executor' caused the lands and tenements to be appraised at their true value in money, and that they were bought for their full value *80 in money. The executor could not have caused the appraisal to be made otherwise. And, as the surviving wives were not made parties to the action for the sale of the premises, and in no way appeared therein, there could not have been an appraisal subject to the dower interests. But the dower incumbrance existed nevertheless; and to what extent a knowledge of the existence of such a probable claim might have impaired the marketable value and saleableness of the property, we cannot definitely determine. It may be, however, that the purchasers would have been compelled to pay a higher price, had there been no such incumbrance, and they may have profited in their purchase by what others regarded a cloud on the title.
It is urged in behalf of the defendants in error, that at and before the time they purchased the lands and tenements, they, as -well as the executor, honestly believed that neither Sarah Arnold nor Adaline A. Arnold were entitled to dower in the premises; in other words they were mistaken as to the law governing the dower-rights of the former wives. They had been divorced from their husband at the date of the executor’s sale, and when the divorces were granted, the “ act concerning divorce and alimony,” passed March 11, 1853, (S. & C. 509) provided in section 7 — which is substantially retained in the Revised Statutes — as follows: “ That where a divorce shall be granted, by reason of the aggression of the husband, * * * * if wjfe survive her husband, she shall also be entitled to her right of dower in the real estate of her husband, not allowed to her as alimony, of which he was seized at any time during the coverture, and to which she had not relinquished her right of dower.” It would have been patent from an examination of the records of the court of common pleas, that neither at the time the divorce was granted to Sarah Arnold, nor at the time Adaline A. Arnold was divorced from Emanuel Arnold, was any allowance made by the court to either of them in lieu of their respective dower-rights. In view of the statutory provision, in connection with other facts set out in the original petition, it is manifest, that the claim of dower which might be asserted in the future, was not •one of those latent defects of title which a vigilant buyer could *81 not guard against. Nor is there, in our view, in the case before us, such a mistake of law as to call for relief by a court of equity. The remedial power claimed by courts of chancery to relieve against mistakes of law, as said by the court in Bank of the United States v. Daniel, 12 Peters, 32, is a doctrine rather grounded on exceptions than upon established rules. It is well established, as was declared in Hunt v. Rousmaniere, 1 Peters, 15, that mere mistakes of law are not remediable, and “ that whatever exceptions there may be to the rule, they will be found few in number, and to have something peculiar in their character.” The circumstances connected with the judicial sale to the defendants in error, were not of so unusual a character as to constitute an exception to the general rule.
We are of the opinion, therefore, that the demurrer to the plaintiff’s petition should have been sustained by the district court; that the judgment of that court should be reversed, and the cause remanded to the circuit court for further proceedings.

Judgment accordingly.